Walker v. Driver.

~~~~~~~~~~~~~~~

## WALKER v. DRIVER.

1. When parties make a settlement of their accounts, and reduce it to writing, the written instrument is the highest evidence of the fact.
2. When a settlement of accounts is made and reduced to writing upon the back of another instrument, to which the settlement refers, such reference authorizes the party against whom the settlement is read, to read such instrument, to control or explain it. Proof of the execution of the instrument, is not necessary, to authorize the introduction of the settlement in evidence.

3. When upon the settlement of an account, one of the parties, admits certain judgments, which the other had obtained against a third person to be included as a charge against him, such person may be called *to prove that no such judgments existed*, but he cannot impeach their correctness, by proving that the debt on which they were founded, was unjust, or never had an existence.

4. A settleme'nt made and balance struck, is *prima facie* binding, until impeached for mistake or fraud, which the party alledging must prove. ·

5. It is competent for a party relying on a stated account, to introduce the person who made it, to prove, that it was made upon items admitted by the parties.

Error to the Circuit Court of Talladega.

Assumpsit on promissory note, by defendant against plaintiff in error. Pleas—non-assumpsit, payment, set off, and accord and satisfaction.

Upon the trial, the plaintiff read the note sued on to the jury, which was dated 17th May, 1838, for the payment of $488, payable the 25th September, after the date, and was executed by the defendant, by David S. Walker as his agent.

The defendant then proved by one Barclay, that before the institution of this suit, he heard a conversation between plaintiff and defendant, in which it was admitted by plaintiff, that defendant had transferred him a note for about $700, on one Ice, which plaintiff was to collect, and to apply to the payment of the note sued on; and in a subsequent conversation, before this suit was brought, he heard plaintiff admit, that he had collected the note by process of law. David S. Walker swore, that he never had been indebted to plaintiff.

The plaintiff then introduced one Townsend as a witness, who testified that on the 7th October, 1841, the plaintiff and defendant had a settlement before him, and that he was selected to make the calculation and·settlement. He further proved, that the parties stated over and acknowledged items in his presence, upon which he proceeded to calculate, and make a settlement. A paper was produced in this form: " I have this day handed to David Walker the four small notes mentioned within, which amount to two hundred and forty-six dollars and seventy cents. I have also, this day, given him a credit of three hundred and fifty-three dollars and twenty-three cents, which two amounts, make the amount of six hundred dollars, which I have received on this order. Eli M. Driver.

Witness proved that this paper was made in his presence,

Walker v. Driyer.

and was the settlement he then made, that it was read over to defendant, and admitted by him to be correct. He also testified, that in making said settlement, some judgments upon the docket of witness, who was a justice of the peace, in favor of plaintiff, and against David S. Walker, were admitted by defendant, and were included in the calculation, and in part produced the result, stated in said paper. The witness only spoke of them as items stated by the parties, and in part the basis of his calculations. There was no proof given of their amount, nor was the docket produced. There was a credit on the note sued on, in the hand-writing of the witness, which he swore was entered there by him, at the time of the settlement. It corresponded with the paper above copied, and the witness testified that the credit on the note, and the above paper related to the same transaction. He also testified, that David Walker had consented, that the judgments against David S. Walker, should be included in the settlement, and deducted from the amount collected by the plaintiff from Ice.

The instrument copied above, was indorsed on another paper, to which there was a subscribing witness. That paper was not proved, or offered to be read to the jury.

The defendant objected to the proof by Townsend, and of all proof of a settlement, except that contained in the written settlement before copied. He objected to proof of the judgments, because the docket was not produced. He also objected to the reading of the paper above spoken of, because of its irrelevancy, and because the paper on which it was written, had a subscribing witness, who was not produced.

The Court overruled all these objections, and permitted the witness to detail the conversation of the parties, at the time of the settlement, and to state the items introduced in his calculation, by consent of the parties, and permitted the paper to be read in evidence. To all which the defendant excepted, and which he now assigns as error.

W. P. CHILTON and BOWDON, for the plaintiff in error.

RICE, contra.

ORMOND, J.—To repel the presumption of payment of the debt in suit, the plaintiff, it appears, relied upon a settlement

86

made between him and the defendant, accounting for the moneys in his hands, and giving him credit for the balance upon the note in suit. Upon this accounting, it appears, that the result was reduced to writing, and being proved by the person who, at the instance of the parties, stated it, the paper was admitted in evidence. This we think was entirely proper, it was the highest and best evidence of the fact.

This settlement was written upon the back of another instrument, to which it refers, and with which it appears to have some connection, though to what extent does not distinctly appear. It was objected that the plaintiff could not read the settlement, without first proving the instrument on the back of which it was written. The reverse of this appears to us to be the true rule, and that the reference in the settlement to the order written on the other side, made that, evidence, at least for the defendant, if he thought proper to use it. The settlement of the accounts was a distinct fact, which the plaintiff had the right to prove, and if that was connected with, or in any manner controlled by, the paper on which it was written, it was for the defendant to insist on it.

We do not understand that the witness who was called to prove the settlement, undertook to state the items of which it was composed, so as to show its correctness; but that he stated that the result of the settlement was obtained by each party stating the items of his account, and that from the admissions of each party, the settlement was made. That among the items of charge of the plaintiff, were certain judgments obtained by the plaintiff before a justice of the peace, against one David S. Walker, which the defendant admitted. To all this we can see no objection. We do not understand that the witness was permitted to prove the existence, or the amount of these judgments, but merely, that there were such items of charge in the plaintiff's account, against the defendant, admitted by the latter to be correct.

The effort on the part of the defendant appears to have been, to falsify the settlement between him and the plaintiff, and for that purpose he called David S. Walker, who proved, that he had never been indebted to the plaintiff. The account stated between the plaintiff and defendant, was binding *prima facie* on both parties, until it was shown to be incorrect. If the wit-

ness had proved that no such judgments existed, as were in-cluded in the settlement with the defendant, it would have been necessary for the plaintiff, to sustain these items of charge, by proving their existence.   It was not necessary that he should produce and prove the judgments, because, so far as we can judge from the record, the fact that they existed was not dis-puted.   The attempt appears to have been to go behind the judgments, and to prove that they were not founded on sub-sisting debts; but it is very clear that they could not be thus collaterally impeached.

In Langdon v. Roane's adm'r, 6th Ala. Rep. 518, this Court had occasion to consider the effect of an account stated, and it is there said, that where parties have settled their accounts, and struck a balance, it is incumbent on the party alledging fraud, or mistake, to establish it by proof; see the case, and the numerous authorities there cited.

We are unable to perceive any error in the judgment of the Court, and it is therefore affirmed.