## RYAN *vs.* GROSS.

[ACTION ON ACCOUNT, &C.]

1. *Account stated; what necessary to recover on.*—To enable a plaintiff to recover on a count upon an account stated, he must prove, either an actual accounting together, or—what the law holds to be equivalent—an admission by the defendant, expressed or clearly implied, that a fixed certain sum is due to the plaintiff by the party making the admission.

2. *Same; what admissions will not change an open account to an account stated.* If, when an account for goods sold is presented for payment, or to be settled by note, the party does not dispute or deny, but admits, the correctness of the items, but does deny his liability to pay, and refuses to pay or to settle the account by note, and insists that some other person is justly chargeable with and ought to pay the same; this will not change the character of the account from an open to an account stated, and thereby defeat the defense of the statute of limitations of three years.

APPEAL from the Circuit Court of Jackson.
Tried before Hon. W. J. HARALSON.

This action was brought by the appellee Gross, against the appellant Caroline Ryan, on the 8th of March, 1868. The complaint contained two counts. The first count was a count upon an account stated between plaintiff and defendant, for an indebtedness incurred by defendant when a *femme sole*, under the name of Caroline Frazier, and before her marriage with her present husband. The second count was based on an open account for the same indebtedness. Both counts are silent as to the time when the account was stated, or when the original indebtedness accrued. No pleas appear in the record.

It appears from the bill of exceptions, that prior to November, 1857, the appellant was the wife of Joseph P. Frazier. Frazier died in November, 1857, and his widow, in December, 1858, married her present husband, John Ryan. Appellee was a dry-goods merchant, residing in the same town with appellant, and the accounts with him, which were

the foundation of the action, were contracted in the interval of time between the death of Frazier and the intermarriage of appellant with Ryan. Most of the articles itemized in the accounts, which were made out for each year, were for dry-goods for the use of the appellant, although some of the articles furnished were really for the use of the minor children of Frazier, who resided with their mother after Frazier's death, his estate having been kept together, (for some reason not disclosed), and no assignment of dower or allotment of her distributive share having been made to appellant until after her marriage with Ryan. The proof, although conflicting, strongly tended to show that the credit was given to Mrs. Frazier individually, and not to Frazier's administrator.

The last item of the account which the appellee proved was dated November 17, 1859, and hence an action upon it, as upon an open account, was barred by the statute of limitation of three years. To take the account out of the influence of that statute, the appellee offered testimony to show that the original accounts had become an account stated. Gross was examined as a witness in his own behalf, and testified that in 1863 he sent the account, proved on the trial to be correct, to defendant and her husband by mail, with the request that they would execute their note for it; that by the next mail, or the one succeeding it, defendant and her husband returned said account, declining to give a note therefor, not denying or disputing the correctness of the items of the account, but insisting that the defendant was not liable thereon, but that the account should be paid by the administrator of Frazier's estate. Appellee further testified, that some time in 1866 he called on defendant and her husband to pay said account, or to close it by note, and that defendant and her husband, not denying the correctness of the items of said account, insisted that the defendant was not liable therefor, but that the administrator of her former husband's estate should pay the account, as it was justly chargeable against the estate, and again refused to pay said account or to give a note therefor.

The defendant and her husband were both examined, but their testimony was not materially variant from that of the appellee. Mrs. Ryan testified that the account was returned to the plaintiff by the next mail after it was received, with a refusal to close it by note or to pay it, because she did not believe she was liable for or ought to pay the said account, but believed, and so informed appellee, that the estate of her former husband was liable for and ought to pay the same; that she never examined said account, and had never distrusted or denied the correctness of the items thereof, but had always denied that she was liable to pay it, but insisted that the estate of her former husband was bound for it.

This is, in substance, all the testimony adduced which is in any way material to an understanding of the points decided.

The court charged the jury, "that if defendant by herself, or upon orders given by her, purchased goods charged in said accounts to her on her individual credit, and not on the credit of the estate of her deceased husband, although some of the goods purchased were not for her individual use, but were for the use of her minor children, and for the use of the family and plantation of her said former husband, and notwithstanding the estate of her said former husband was being kept together by his administrator, defendant was liable to plaintiff for such accounts; and if in 1863, plaintiff sent said accounts to defendant, who returned them to plaintiff, not disputing or denying the correctness of the items thereof, but admitting the same, and denying her liability therefor, and insisting the estate of her former husband was liable therefor,—then such a denial of liability was a denial of matter of law only, and her admission of the correctness of the items of the said account would be an admission making the accounts a stated account, on which suit could be brought within six years."

The defendant excepted to the giving of this charge, and requested the court to give the following written charges:

1st. "To constitute an admission of the correctness of this account, which will convert it into a stated account,

there must not only be admission that the goods charged were sold and delivered, but something from which the jury can reasonably infer that the defendant assented or intended to assent to her obligation to pay the account. If such admission is accompanied with the declaration that the defendant is not liable for the payment of the account, but some one else is liable therefor, the account does not become a stated account."

2d. "That if the accounts were sent to the defendant, and by her or by her and her husband returned to the plaintiff by the first or next mail after they were received, without any denial or dispute as to' the fact that the goods charged in said account were sold and delivered by the plaintiff, but with the statement that defendant was not liable for said account, and that the administrator of Frazier, deceased, or the estate of said Frazier, deceased, was liable for the payment thereof,—then these facts will not constitute the accounts a stated account; and notwithstanding these facts the accounts are open accounts barred by the statute of limitations of three years."

The court refused to give either of these charges, and the defendant excepted. The charge given, and the refusal to give the charges requested, are now assigned as error.

WALKER & BRICKELL, for appellant.
ROBINSON & WALKER, *contra.*

PECK, C. J.—1. The material and only real question in this case is, as to the character of the account, the foundation of the appellee's action in the court below. If not an account stated, then the action was barred by the statute of limitations of three years.

Mr. Chitty says: "The present rule is, that if a fixed and certain sum is admitted to be due to a plaintiff, for which an action would lie, that will be evidence to support a count upon an account stated."—1 Ch. Pl. 358, 14 Am. ed. from 6th London ed., corrected and enlarged.

In *Knowles et al. v. Michael et al.,* (13 East. 133,) Lord Ellenborough, C. J., says: "If there were an acknowledg-

ment by the defendant of a debt due upon any account, it was sufficient to enable the plaintiff to recover upon the count, for an account stated."

In 2 Greenl. Ev. § 126, it is said: "In support of the count upon an *account stated*, the plaintiff must show there was a demand on his side, which was acceded to by the defendant. There must be a fixed and certain sum admitted to be due; but the sum need not be precisely proved as laid in the declaration." Again: "The admission itself must be voluntary, and *not qualified*. But it need not be express and in terms; for, if the account be sent to the debtor in a letter, which is received but not replied to in a reasonable time, the acquiescence of the party is taken as an admission that the account is truly stated."—See, also, *Langdon et al. v. Roane's Adm'r*, 6 Ala. 527.

A recovery on a count upon an account stated can only be had when a certain and precise sum is admitted to be due; an acknowledgment of a debt, but without naming or referring to a sum certain, will not enable a plaintiff to recover on this count, even nominal damages.—1 Ch. Pl. 359.

The original form or evidence of the debt is of no importance, under the count upon an account stated; for the stating of the account alters the character of the debt, and is in the nature of a new promise or undertaking. If the orignal debt be an account for goods sold, the items need not be proved; for the action is not founded upon them, but upon the defendant's assent to the sum ascertained to be due.—2 Greenl. Ev. § 127. In other words, the action is not founded upon the original liability, but upon the new promise, which may be either expressed or implied. It is not even necessary that the original demand should be a legal demand, recoverable at law; it may be of an equitable nature only.—Ch. on Contr. 648, *a*.

2. Taking these principles and authorities as our guide, we are led to the conclusion that the evidence of the plaintiff himself, who was examined as a witness in his own behalf, fails to show that the account exhibited and made a part of the bill of exceptions can be regarded as an account stated.

No fixed or certain sum was at any time admitted by the defendant to be due to the plaintiff. The account, when presented, was not acceded to by the defendant, nor was there any acknowledgment by her that she owed the plaintiff any thing, but a persistent denial, from the beginning, that she was liable to pay said account or any part of it. There was clearly no admission by defendant that she was indebted to the plaintiff for any fixed or certain sum, or for any sum whatever, but a prompt denial that she owed him any thing.

The most that can be said of this evidence is, that defendant did not, in so many words, deny or dispute that the items of said account were correctly stated, but it was a clear denial that she was liable to pay it, and a refusal on her part in any wise to settle it. This evidence was insufficient to change the character of said account from that of an ordinary account for goods sold to an account stated. To constitute an account stated, it must receive the assent of both parties.—*Carlisle v. Davis*, 9 Ala. 858. A certain fixed sum must be admitted by the defendant to be due to the plaintiff.—1 Ch. Pl. 358. It is not sufficient for the plaintiff to show that there was a demand on his side, but he must also prove it was acceded to by the defendant, otherwise it would be considered to be an account stated.—1 Greenl. Ev. § 126, *supra*.

The defendant and her husband were examined as witnesses, but their version of the matter was not materially different from that given of it by the plaintiff. The evidence of the defendant perhaps might be sufficient to enable the plaintiff to recover on the common count for goods sold, if the statute of limitations were out of the way; that, however, is not the question to be decided in this case. The statute of limitations is relied upon by the defendant, and the plaintiff seeks to avoid this defense, and says the evidence shows that the account was changed from an open, to an account stated, which is only barred by the statute of six years.

3. From what has been said in this opinion, it is readily seen that the charge given by the court is erroneous. It

improperly instructs the jury, that the mere admission of the defendant that the items of the account were correct, although accompanied with a denial that she was liable to pay the same, was sufficient to make said account an account stated ; and that suit could be brought upon it within six years. To enable a plaintiff to recover on a count upon an account stated, he must prove, either an actual accounting together, or—what the law holds to be equivalent—an admission by the defendant, expressed or clearly implied, that a fixed certain sum is due to the plaintiff.

The charges asked by the defendant, and refused by the court, are consistent with this opinion, and should have been given.

Let the judgment be reversed, and the cause remanded for another trial. The appellee will pay the costs.