# Moore *v*. Holdoway & Co.

*Action upon a Stated Account.*

I. *Action upon an account; verification provided by statute refers only to open account.*—The statute providing for the verification of accounts sued for, and that such account so verified

[Moore v. Holdoway & Co.]

is competent evidence of the correctness of the account sued on, (Code, § 1804), refers only to suits upon open accounts and has no application to an account stated.

2. *Action upon an account stated; ; when an account though verified not admissible in evidence.*—To maintain an action upon an account stated, although there is endorsed on the complaint the fact that the account sued on is verified by affidavit, the plaintiff must prove an account stated as averred in the complaint; and an account which has not been stated, although properly verified, as authorized by statute in suits upon open accounts, (Code, § 1804), is not admissible in evidence; and the plaintiff is not entitled to recover upon the introduction of such open account.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN. •

This action was brought by the appellees, E. Holdoway & Company, against the appellant, John J. Moore. The facts of the case are sufficiently stated in the opinion.

The appeal is prosecuted from a judgment in favor of the plaintiffs.

POWELL & BLACKBURN, for appellant.—In an action on an account stated a verified account is inadmissible as evidence.—*Comer & Co. v. Way & Edmonson,* 107 Ala. 300.

A verified account mentioned in section 1804 of Code is applicable to an open account and not a stated account.—*Loventhal v. Morris,* 103 Ala. 332; *Comer & Co. v. Way & Edmonson, supra; Clements v. Mayfield,* 128 Ala. 332; 29 Sou. Rep. 10.

When offered as evidence, and objected to, the account was inadmissible.—*Elyton Land Co. v. Morgan,* 88 Ala. 434.

H. K. WHITE, *contra,* cited *Catlin v. Gilder,* 3 Ala. 545; *Hopper v. Eiland,* 21 Ala. 714; *Stowe v. Sewall.* 3 Stew. & Port. 67; *Battle v. Reid.* 68 Ala. 149; *Gainer v. Pollock,* 96 Ala. 554.

HARALSON, J.—The plaintiff claims of the defendant "thirty six dollars due from defendant by ac-

count stated between plaintiff and defendant on, to-wit, December 11th, 1895, for six volumes of Encyclopedia Brittanica and American Supplement, which plaintiff sold to defendant upon his written request and order dated, to-wit, December 5th, 1895, at the agreed price of six dollars per volume."

On the complaint was indorsed: "The account on which the suit is brought is verified by affidavit of the plaintiff, E. Holdoway, who is a non-resident, residing in St. Louis, Mo."

The pleas were non-assumpsit, payment and statute of limitations of three years.

The plaintiff offered in evidence the account sued on, which is as follows: "J. J. Moore to E. Holdoway & Co., 1895, Dec. 11th. To Encyclopedia Brittanica, vols. 24, 25, and 4 vols. Supt. $36.00."

This account was verified, as to the correctness, by the oath of the plaintiff, on a day previous to the institution of the sit.

The defendant objected to the introduction of said sworn account, because the same was irrelevant, incompetent and immaterial; and because suit being on account, stated, said paper did not tend to prove any issue involved in the suit, which objections were overruled, and said account was allowed to be read in evidence.

This being all the evidence, the court, at the request of plaintiff charged the jury, "That under the evidence in this case, they must find a verdict for the plaintiff," and refused the general charge as requested by defendant.

The only question important to be decided is, whether said verified account was properly admitted in . evidence.

To make an account stated, there must be a mutual agreement between the parties, and an assent to the account as rendered.

To maintain the action as averred in the complaint, the plaintiff must prove an account stated; that, and nothing less will support his allegations. "An account stated is an account balanced and rendered, with an as-

sent to the balance, express or implied, so that the demand is essentially the same as if a promissory note had been given for the balance."—*Loventhal v. Morris,* 103 Ala. 332, 336.

In *Comer v. Way,* 107 Ala. 300, this court held, that section 1804 (2773) refers to open accounts, and has no application to a suit on an account stated, and to maintain an action on such an account, it was incumbent on the plaintiff to prove the fact of the statement; that the account must be proved as laid, and that nothing else will support his allegation in the complaint. Giving a judgment on an open account, properly verified as authorized by said section 1804 of the Code, is allowable only by statute, and to entitle the plaintiff to a judgment on a verified account, he must have brought himself within the term of the statute. Without doing this, he must proceed to entitle himself to judgment, as he would have proceeded before the adoption of the statute. As the statute has no application to accounts stated, when suing on such an account, the plaintiff must, as has been stated, prove the statement of his account, and, the assent of the defendant, either express or implied, to the balance as rendered.

In this case, the account sued on, as shown by the complaint itself, was a stated account. To entitle the plaintiff to a judgment, it was necessary for him to have proceeded to make the same proof he would have been required to make, if the statute referred to had never been passed. This he did not do.

For the error in allowing the introduction of said account in evidence, let the judgment be reversed.

Reversed and remanded.