# Moore *v.* Maxwell & Delhomme.

## *Assumpsit.*

(Decided May 14, 1908. 46 South. 755.)

1. *Account Stated; Assent of Parties; Necessity for.*—To create an account stated, there must be a meeting of the minds of the parties as to the correctness of the statement, as well as a promise by the debtor, either expressed or implied to pay the same. A mere admission that the items of the account are correctly stated without such an agreement to pay is not sufficient.

2. *Principal and Agent; Authority of Agent; Admission of Correctness of Account.*—The fact that the principal authorized the agent to purchase goods for him would not render the principal liable on an account stated for their price, because of a subsequent admission of the agent of the correctness of the account, and the principal's liability thereon, in the absence of a showing that the principal authorized the agent to make such admissions, since the admissions must come from, or be made by the party to be charged on the account.

3. *Same.*—Authority to an agent to purchase goods does not authorize him by subsequent admissions of the correctness of the account to render his principal liable for the price of the goods purchased, on an account stated.

4. *Evidence; Hearsay; Admissibility.*—Evidence which appears to be hearsay should be excluded.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action on an account stated by Maxwell & Delhomme against Terry L. Moore. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

SMITH, FOSTER & SMITH, for appellant. When a witness testifies to a fact as of his own knowledge and then states facts that show his testimony is hearsay, his testimony should be stricken out on motion.—9 Ency. of Evi. 36; 11 A. & E. Ency. of Law, 520. Where a count is based upon a stated account and there is no evidence whatever as to the fact that an account was stated between the parties, or their duly authorized agents, or if there is no evidence as to the precise sum for which the account is stated defendant is entitled to the affirmative charge.—*Ryan v. Gross,* 48 Ala. 370; *Ware v. Manning,* 86 Ala. 242; 1 Ency. of Evi. 166; 1 A. & E. Ency. of Law, 437, 442, 452 and 454.

FITTS, LEIGH & LEIGH, for appellee. There was no error in the refusal to exclude the testimony of Maxwell. —*Hood v. Diston,* 90 Ala. 379; *Woodstock Co. v. Reed,* 84 Ala. 493; *Wilson v. The State,* 113 Ala. 104. The court properly refused to give the affirmative charge as to the second count.—*Bates v. Hart,* 124 Ala. 427; *Beaumont v. Russell,* 123 Ala. 641; *Bufford v. Rainey,* 122 Ala. 565. The account was a stated account.—*Langdon v. Rome,* 6 Ala. 518; *Burns v. Campbell,* 71 Ala. 270; *Garboury & Co. v. S. F. & M. Co.,* 99 Ala. 47.

ANDERSON, J.—In order to create a stated account there must not only be a meeting of the minds as to correctness of the statement, but there must be a promise

[Moore v. Maxwell & Delhomme.]

by the debtor, express or implied, for the payment of same. 1 Am. & Eng. Ency. of Law, 437; 1 Cyc. 364. An account becomes stated only when a specified indebtedness is admitted to be due from the debtor to the creditor.—*Loventhal v. Morris,* 103 Ala. 335, 15 South. 672. The mere admission that the items of an account are correctly stated is not sufficient, unless it appears that the debtor expressly or impliedly agreed to pay it.—*Ryan v. Gross.* 48 Ala. 375. It is true that, if one renders another an account, which he promises to pay or which he retains without objection, it becomes a stated account, because of an express promise to pay in the first instance, or of an implied promise in the second, arising out of a retention of same without objection; but the mere admission of the correctness of the items of an account, with a denial of liability, would not make it an account stated. In other words, in order to render one liable as upon an account stated, he must not only admit its correctness, but must expressly or impliedly admit his liability.

There is no pretense in the case at bar that the account in question was rendered to the defendant, or that he in any way admitted the correctness or acknowledged his liability for same. The plaintiffs rely merely upon an account rendered to Biggers, who admitted its correctness. It is true Biggers testified that the defendant gave him authority to purchase the material, which, if true, would render the defendant liable upon an open account or for material sold; but a subsequent admission by Biggers, without the authority or knowledge of the defendant, of the correctness of the account, would not render him liable upon an account stated. The account was never presented to him, and it would be a legal absurdity to hold that the subsequent conduct of Biggers amounted to a new or subsequent promise on

the part of the defendant to pay the account, notwithstanding he may have originally authorized the purchase of material. It could as well be said that the defendant would be liable upon a promissory note executed by Biggers in settlement of the account for material. Authority to purchase did not, of itself, authorize Biggers to make subsequent promise or agreements for the defendant. There being no proof of an account stated, the trial court erred in not giving the general charge requested by the defendant as to the second count of the complaint, which we think was in proper form and did not come under the head of those condemned in the case of *Goldstein v. Leake,* 138 Ala. 573, 36 South. 458.

As this case must be reversed, it is needless for us to decide whether the trial court committed reversible error in not excluding the evidence of Maxwell, after it appeared from his cross-examination that he did not know of his own knowledge of the correctness of the account, upon the theory that the defendant was not disputing the correctness of the account, but merely traversed his liability. It is sufficient to say that evidence which appears to be hearsay should be excluded.

The judgment of the law and equity court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.