# Walker *v.* Trotter Brothers.

## *Assumpsit.*

(Decided April 15, 1915.   68 South. 345.)

1. *Account; Stated; Action.*—An account does not become stated until there is a mutual agreement between the parties as to the allowance of their respective claims; hence, where the complaint was based solely on a stated account, there could be no recovery where there was no evidence that defendant had assented in any way to the charges contained in the account.

2. *Evidence; Books; Accounts.*—A witness who did not make the entries, and who disclosed no knowledge of an account or its correctness or that it had been correctly entered, cannot testify merely from the books as to the correctness of the account.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by Trotter Brothers against R. H. Walker. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals under the act creating such court.

STREET & ISBELL, for appellant.

WILLIAM C. RAYBURN, for appellee.

GARDNER, J.—Action by appellees against appellant for an alleged balance due on a stated account.

(1) There was but one count in the complaint, and that was on an "account stated." Defendant pleaded, in addition to the general issue, payment, and the statute of limitations of six and three years. The bill of exception disclosed all the evidence in the case, and the refusal of the general affirmative charge constitutes one of the assignments of error.

"To make an 'account stated,' there must be a mutual agreement between the parties," as to the allowance of their respective claims, and to establish such an account there must be proof of "assent to the account as rendered. To maintain the action as averred in the complaint, the plantiff must prove an account stated; that, and nothing else, will support his allegations. 'An account stated is an account balanced and rendered, with an assent to the balance, expressed or implied, so that the demand is essentially the same as if a promissory note had been given for the balance.'—*Loventhral v.*

*Morris* 103 Ala. 332 [15 South. 672]."—*Moore v. Holdo-way,* 138 Ala. 448, 35 South. 453.

"In order to create a stated account, there must not only be a meeting of the minds as to the correctness of the statement, but there must be a promise by the debtor, expressed or implied, for the payment of same.  *  *  * The mere admission that the items of an account are correctly stated is not sufficient, unless it appears that the debtor expressly or impliedly agreed to pay it. *  *  * It is true that, if one renders another an account, which he promises to pay or which he retains without objection, it becomes a stated account, because of an express promise to pay in the first instance, or of an implied promise in the second, arising out of the retention of same without objection; but the mere admission of the correctness of the items of an account, with a denial of liability, would not make it an account stated. In other words, in order to render one liable as upon an account stated, he must not only admit its correctness, but must expressly or impliedly admit his liability."—*Moore v. Maxwell,* 155 Ala. 299, 46 South. 755.

As before noted, there was but one count in the complaint, that upon an account stated. There is nothing in the record to indicate that the distinction between an open account and an account stated was taken note of by the plaintiffs in the trial of the cause. There was no evidence whatever offered to show that the account had been rendered to the defendant and its correctness admitted either directly or by implication, nor any evidence tending to show admission of any liability for the same, either expressed or implied. In short, there was no evidence offered to bring the case within the above-stated rule as to a stated account, and, there being no other count in the complaint, the defendant was entitled to the general affirmative charge as requested by

[Walker v. Trotter Brothers.]

him in writing; and for the error in refusing same the judgment must be reversed.—*Loventhal v. Morris,* 103 Ala. 332, 15 South. 672; *Moore v. Holdoway,* 138 Ala. 448, 35 South. 453.

(2) Objection was made to depositions of witness Landress as to correctness of the account. The witness stated: "There is such an account. I did not enter this account, but I caused it to be entered."

There was no evidence of any knowledge on the part of the witness as to any item of the account nor as to its correctness, nor that it was correctly entered in the book; but he seems to have been testifying from a mere statement from the books which he himself did not enter nor, it seems, as to which he had any knowledge. The party who made the entries was not examined. The testimony does not appear to meet the requirements of the rule, and attention is directed to the following cases: *Murray & Peppers v. Dickens,* 149 Ala. 240, 42 South. 1031; *Rice v. Schloss & Kahn,* 90 Ala. 416, 7 South. 802; *West v. Cowan,* 189 Ala. 138, 66 South. 816, and cases there cited.

The judgment of the court below is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.