23 So.2d 872

**SINCLAIR REFINING CO. v. ROBERTSON.**

8 Div. 327.

Supreme Court of Alabama.

Oct. 18, 1945.

Rehearing Denied Nov. 29, 1945.

P. W. Shumate, of Guntersville, opposed.

Marion F. Lusk, of Guntersville, for petitioner.

FOSTER, Justice.

This is an action on an account stated. The appeal is from a judgment granting defendant a new trial after a verdict and judgment for plaintiff. The new trial was granted on the ground that the verdict was contrary to the great weight of the evidence. On a review of the Court of Appeals affirming the lower court in that regard, we will not reverse that court in respect to its conclusions and inferences of fact dependent upon conflicting evidence or where there are conflicting inferences which may be reasonably drawn from evidence which is not conflicting. Rainey v. State, 245 Ala. 458, 17 So.2d 687.

The account was for fuel oil. The defendant filed pleas, besides the general issue, that the fuel oil was not suitable for the purposes for which it was bought, and that such purpose was known to plaintiff. It sought a set-off. Demurrer was overruled to the pleas. Thereupon plaintiff replied raising two special issues: (1) That defendant acknowledged in writing the correctness of the account of plaintiff, and that such acknowledgment is the basis of the allegation that the account is stated, and (2) that the trouble which defendant had with the fuel oil was due to his own fault in improperly mixing lubricating oil with the fuel oil. There was no demurrer to the replications, though both matters were included in the general issues and needed no special replication. As to the acknowledgment of the debt by defendant in writing, that is said in the replication to be the basis of the claim in the complaint that the account was stated. So that evidence of such acknowledgment to prove the complaint did not need a special replication, and the burden was already on plaintiff. If it was an adjustment of all unliquidated contentions between them, it was a stated account, for if those matters were not adjusted it was not a stated account and the plaintiff could not recover on such a count.

So that in respect to that replication the issue is as made on a general denial of the complaint which required proof of a stated account. Walker v. Trotter Bros., 192 Ala. 19, 68 So. 345. Section 378, Title 7, Code, has no application to a stated account. Moore v. E. Holdoway & Co., 138 Ala. 448, 35 So. 453; Comer v. Way, 107 Ala. 300, 19 So. 966, 54 Am.St.Rep. 93. See, Barber v. Martin, 240 Ala. 656, 200 So. 787.

"An account stated is an account balanced and rendered, with an assent to the balance, expressed or implied; so that the demand is essentially the same as if a promissory note had been given for the balance." Loventhal v. Morris, 103 Ala. 332, 15 So. 672, 673; Moore v. E. Holdoway & Co., supra; Walker v. Trotter Bros., supra; Moore v. Maxwell & Delhomme, 155 Ala. 299, 46 So. 755.

Plaintiff claims to have proven without conflict its replication to the effect that defendant acknowledged in writing the correctness of the account and that said acknowledgment is the basis of its claim that the account has been stated. In other. words, that defendant's contentions as to the quality of the fuel oil were included in the liquidation of the account. If that be the state of the evidence without conflicting inferences the claim of plaintiff would be well taken. The Court of Appeals held that the so called written acknowledgment was not of that sort, without conflicting inference; but that the jury could "infer all this statement was a bookkeeping matter to balance accounts and no acknowledgment of correctness otherwise." Upon that interpretation of the evidence, plaintiff was not due the affirmative charge, and we are not willing to overturn the construction of the evidence which was made by the Court of Appeals, nor the inferences drawn from it.

On that basis, we think there was no reversible error shown in the opinion of that court, and the writ of certiorari is denied.

Writ denied.

GARDNER, C. J., and STAKELY and SIMPSON, JJ., concur.

### On Rehearing.

FOSTER, Justice.

We are taken to task for having examined the original record to get a better understanding of the issues made by the pleading on the insistence of appellant, made in petition for certiorari, that its replication was proven without conflict, even as stated in the opinion of the Court of Appeals. Having done so we stated those issues as thus made. This procedure has been by long practice as declared by this court. Cranford v. National Surety Co., 231 Ala. 636, 166 So. 721; Ballenger Const. Co. v. Joe F. Walters Const. Co., 236 Ala. 546, 184 So. 273; Miller v. Liberty National Life Ins. Co., 243 Ala. 250, 9 So. 2d 132, and cases there cited.

The effect of doing so in this instance was not to change the nature of the issue material to the question under consideration as stated by the Court of Appeals. Whether the burden upon plaintiff to prove his replication was already on him to prove that his account was stated was immaterial to the contention being made, to the effect that it was proven without conflict. The material inquiry was whether it was proven without conflicting inferences. The Court of Appeals held that there were such

conflicting inferences, and refused to reverse the trial court in holding that the verdict should be set aside on that issue. We will not review the opinion of the Court of Appeals on the weight of the evidence.

Application for rehearing denied.

GARDNER, C. J., and LAWSON and SIMPSON, JJ., concur.