**INGALLS IRON WORKS COMPANY,**
a corporation, Plaintiff,

v.

**Ellen Gregg INGALLS, Defendant.**
**Civ. A. No. 8450.**

United States District Court
N. D. Alabama, S. D.
June 24, 1957.

Charles W. Greer, Birmingham, Ala., for plaintiff.

James A. Simpson, Birmingham, Ala., for defendant.

GROOMS, District Judge.

This case went to the jury on a complaint consisting of one count on an account stated and on the defendant's counterclaims, including a counterclaim for dividend due the defendant in the amount of $3,517.50. The jury, allowing the defendant credit for the dividend, returned a verdict in favor of the plaintiff in the amount of $48,459.64, with interest from May 1, 1952. Upon this verdict a judgment was entered in the amount of $62,561.40.

The defendant files her motion for a new trial. In support of same she insists that the evidence failed to establish an account stated and that the Court erred in not granting her motion for a directed verdict. The Court submitted to the jury the issue as to whether the evidence established an account stated, and instructed the jury that if the plaintiff was not entitled to recover on an account stated its verdict should be for the defendant.

Beginning more than twenty-two years ago, plaintiff carried on its books an account against the defendant in which there were numerous entries of debits and credits. In the early part of 1952, the accounting firm of Ernst & Ernst mailed to the defendant a letter over the plaintiff's signature, as follows:

"Attached below is statement showing the balance of your account as it appears on our records as of date mentioned therein.

"Our Auditors are making their regular examination and wish to verify this account from an independent source. We request that you kindly compare this statement with your records and advise Messrs. Ernst & Ernst, Public Ac-

countants and Auditors, on the attached blank whether or not this statement is correct, noting any differences thereon and returning same in the enclosed stamped envelope.

"Your prompt attention to this request will be appreciated."

Under the signature was the printed statement "This is not a dun but simply a request for verification." Attached to this request was the following, which was later signed by the defendant, forwarded to and retained by the accountants:

"Ernst & Ernst,

"Gentlemen:

"The balance of $52,165.93 as of close of business Dec. 31, 1951, due The Ingalls Iron Works Company does not include consigned merchandise and is correct, except as noted below.

"Exceptions ————————————————————————————————

"E. G. I. (Company)    S/Ellen G. Ingalls

"O. K.

"MFP"

"Return this verification to the Birmingham Office of Ernst & Ernst."

The initials "E.G.I." and "M.F.P." are those of Ellen G. Ingalls and M. F. Pixton. At the time this instrument was signed, Mrs. Ingalls was a Director and Chairman of the Board of Ingalls Iron Works Company, and Mr. Pixton was head of the Accounting Department and Treasurer. Mr. Rhodes, who handled the matter for the accounting firm, stated that it was their practice in regard to accounts receivable due from officers and members of the Board of Directors to check the amounts back to the general ledger of the Company and then make up an accounts receivable confirmation, then to correspond with the officer or Director of the Company and to ask him to verify to the accountants the fact that the account was correct as stated on the books.

Plaintiff continued to make entries on the account until August 5, 1953, when the defendant advised plaintiff that she did not wish any further charges made against her on the books of the Company.

The Court will not attempt to further detail the evidence in this cause, but will pass directly to a consideration of the question presented.

**I**

The original action of an account stated was called *insimul computassent*, which means "they account together."[1] The authorities are replete with definitions of an "account stated."[2] In Langdon v. Roane's Adm'r, 6 Ala. 518, 527, the Court stated:

"* * * * where an account is made up and rendered, he who receives it, is bound to examine the same, or to procure some one to examine it for him; *if he admits it to be correct, it becomes a stated account, and is binding upon both parties * * *.*" (Emphasis supplied.)

To the same effect are Burns v. Campbell, 71 Ala. 271, 286; Ware v. Manning, 86 Ala. 238, 5 So. 682; Loventhal & Son v. Morris, 103 Ala. 332, 15 So. 672. In Ware v. Manning, the Court said:

"An account stated may be defined, in general terms, to be where an account is rendered, and a debt in a specified sum is acknowledged as

1. Jasper Trust Co. v. Lampkin, 162 Ala. 388, 50 So. 337, 24 L.R.A.,N.S., 1237.

2. See 1 Am.Jur., page 272, and 1 C.J.S. Account Stated § 1, page 693.

due from one party to the other, or where parties who have had previous transactions agree upon a definite balance as due. It is not essential that there should be cross or mutual demands; but when there are mutual demands, there must be an adjustment, a balance struck, and an assent to its correctness. The debtor and creditor must mutually agree as to the respective demands, and as to the balance ascertained on the final adjustment. An admission of an indebtedness in a specified sum is sufficient to constitute a claim an account stated. The admission may be implied from the circumstances * * *." [86 Ala. 238, 5 So. 684.]

■ An account stated is an account balanced and rendered, with an assent to the balance, express or implied, so that the demand is essentially the same as if a promissory note had been given for the balance. Sinclair Refining Co. v. Robertson, 247 Ala. 260, 23 So.2d 872. The Court so charged the jury. In Moore v. Maxwell & Delhomme, 155 Ala. 299, 46 So. 755, the Court said:

"In order to create a stated account, there must not only be a meeting of the minds as to the correctness of the statement, but there must be a promise by the debtor, express or implied, for the payment of same. * * * An account becomes stated only when a specified indebtedness is admitted to be due from the debtor to the creditor. * * * [I]n order to render one liable as upon an account stated, he must not only admit its correctness, but must expressly or impliedly admit his liability."

The jury was instructed in line with this statement of the law.

The defendant contends that under this case, as well as others, the evidence must establish an express or implied promise to pay the account. Plaintiff contends that a promise to pay is implied from an admission of the balance. In Ware v. Manning, supra, 86 Ala. at page 243, 5 So. at page 684, the Court said:

" * * * To entitle a party to recover upon an account stated, he must show a fixed and certain sum to be due * * *. In such case the action is not founded on the original liability, but on the defendant's admission that a definite sum is due in the nature of a new promise, express or implied * * *."

In Loventhal & Son v. Morris, supra, the Court cited with apparent approval a statement from 1 American and English Encyclopedia of Law, page 110, as follows:

" 'When two persons, having had monetary transactions together, close the account by agreeing to the balance appearing to be due from one of them, this is called an "account stated." It is of importance from the fact that *it operates as an admission of liability by the person against whom the balance appears; or, in the language of the common law, "the law implies that he against whom the balance appears, has engaged to pay it, to the other, and on this implied promise or admission an action may be brought* * * *." ' " (Emphasis supplied.) [103 Ala. 332, 15 So. 673.]

■ In Ivy Coal & Coke Co. v. Long, 139 Ala. 535, 36 So. 722, 724, the Court stated that where the parties agree that a certain amount is due "the law raises a new obligation on the part of the one against whom the balance stands to pay that balance."

Loventhal & Son case is followed in the case of Clark v. Hartford Fire Ins. Co., 252 Ala. 84, 39 So.2d 675.

The foregoing authorities appear to sustain the plaintiff's contention that when the balance is admitted or agreed to the law implies an obligation to pay.[3]

3. The Court has not overlooked the statement in Moore v. Maxwell & Delhomme, supra, that the "mere admission that the items of an account are correctly

## II

The case nearest in point on the sufficiency of the letter signed by the defendant as constituting evidence of an account stated is that of Sinclair Refining Co. v. Robertson, 32 Ala.App. 212, 23 So.2d 869, 871; Id., 247 Ala. 260, 23 So.2d 872, 873. In that case the plaintiff had sued on an account stated for fuel oil. The defendant filed pleas to the effect that the fuel oil was not suitable for the purpose for which it was bought and sought a setoff, to which the plaintiff replied that the defendant had acknowledged in writing that the account was due.[4]  The Court of Appeals said:

"The other theory upon which plaintiff insists it was entitled to the affirmative charge was the alleged acknowledgment in writing by the defendant of the correctness of the account. In support of this insistence is the statement sent to the Robertson Lines, Joliet, Illinois, by the plaintiff showing a debit balance on the books of the company, as of March 31, 1939, for $467.35. Stamped across this statement is the statement: 'This is not a request for payment.' And the statement contains expressions to the effect

stated is not sufficient, unless it appears that the debtor expressly or impliedly agreed to pay it. Ryan v. Gross, 48 Ala. [370] 375." The facts in the Moore case did not justify, nor did the Ryan case support this statement. In the Ryan case, the Court held that the trial court improperly instructed the jury to the effect "that the mere admission of the defendant that the items of the account were correct, *although accompanied with a denial that she was liable to pay same*, was sufficient to make an account stated." The Court then added: "To enable a plaintiff to recover on an account stated, he must prove either an actual accounting together, or—what the law holds to be the equivalent—an admission by the defendant, expressed or clearly implied, that a fixed certain sum is due to the plaintiff."

4. A check with the Clerk of the Alabama Court of Appeals reveals that the acknowledgment was in the following form:

that it was merely for the purpose of comparison with the books and for the verification of the accounts. A blank space was left for signature, and was signed by the defendant. The defendant had been doing considerable business with the plaintiff, with accounts at times running ($800 or $900 monthly) largely in excess per month of the amount here sued upon. * * *

"The jury might well infer all this statement was a bookkeeping matter to balance accounts and no acknowledgment of correctness otherwise.

"Considering all this proof and the running account between these parties, we are of the opinion that it was for the jury to say whether or not the mere signing of the statement referred to was sufficient proof of this replication to justify an affirmative charge in plaintiff's behalf. We conclude, therefore, that the court also properly submitted this matter for the jury's determination."

The Supreme Court, after stating that the matter was included in the general issue and needed no special replication, said:

"Dear Sir:
"Your debit balance on the books of this company as of March 31, 1939, was $467.35, excluding your service station account, if any.
"Kindly compare this with your books and state below whether it agrees or not. If any difference exists, please state the amount and mention the items affected and the nature of the difference.
"This is sent for your protection and for the purpose of enabling us to verify our accounts and to have our books agree with yours.
"Please reply on space below and return this sheet in stamped envelope enclosed.
   "Yours very truly,
   "Sinclair Refining Company
(Stamped across the statement)
"This is not a request for payment."
"Gentlemen:
"The balance shown above $467.35 is correct.
   "G. N. Robertson."

"If it was an adjustment of all unliquidated contentions between them, it was a stated account, for if those matters were not adjusted it was not a stated account and the plaintiff could not recover on such account. * * *

"Plaintiff claims to have proven without conflict its replication to the effect that defendant acknowledged in writing the correctness of the account and that said acknowledgment is the basis of its claim that the account has been stated. In other words, that defendant's contentions as to the quality of the fuel oil were included in the liquidation of the account. If that be the state of the evidence without conflicting inferences the claim of plaintiff would be well taken. The Court of Appeals held that the so called written acknowledgment was not of that sort, without conflicting inference; but that the jury could 'infer all this statement was a bookkeeping matter to balance accounts and no acknowledgment of correctness otherwise.' Upon that interpretation of the evidence, plaintiff was not due the affirmative charge, and we are not willing to overturn the construction of the evidence which was made by the Court of Appeals, nor the inferences drawn from it."

The Court is of the opinion that if the statement in the Robertson case, supra, presented a question for the jury on the issue of whether the account was stated, the statement executed by the defendant, coupled with the other evidence, likewise presented a jury question on that issue.

## III

There is also involved the challenge to the sufficiency of the statement above referred to based on the fact that it was submitted by the defendant to the accountants, Ernst & Ernst, and not directly to the plaintiff. A request for the acknowledgment and verification was in the name of the plaintiff. The accountants were seeking the information for ultimate transmission to the plaintiff. Whatever their precise legal status, they were unquestionably intermediaries between the plaintiff and the defendant in procuring information of concern to both plaintiff and defendant. Even though they be regarded as third parties, the Supreme Court of Alabama has said, in Wharton v. Cain, 50 Ala. 408, that an admission made by the debtor to a third party, not the creditor's agent, was admissible in a suit on an account stated. The Court said:

"* * * Such an admission certainly tends to prove that there had been an accounting; else the defendant would not have known what he owed. It disproves an open account, and, in the absence of proof to the contrary, supports the count on an account stated * * *."

This case was cited in Nooe's Executor v. Garner's Administrator, 70 Ala. 443.

After reviewing the pertinent aspects of the evidence, the many authorities cited in the briefs, and after extended research of its own, the Court is of the opinion that the evidence presented a jury question on the issue of whether the account was stated. The Court is of the opinion that the motion is due to be overruled.