Ellen Gregg INGALLS, Appellant,

v.

INGALLS IRON WORKS COMPANY,
Appellee.

No. 16841.

United States Court of Appeals
Fifth Circuit.

July 23, 1958.

As Modified on Denial of Rehearing
Sept. 22, 1958.

J. A. Simpson, Reid B. Barnes, Birmingham, Ala., Lange, Simpson, Robinson & Somerville, Birmingham, Ala., of counsel, for appellant.

Charles W. Greer, Birmingham, Ala., for appellee.

Before RIVES, JONES and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment for the plaintiff in an action on an account stated. The close but pivotal question is whether the evidence was sufficient to establish an account stated, or whether the district court erred in not granting the defendant's motion for a directed verdict. The district court was of the opinion that the evidence presented a jury question on the issue of whether the account was stated.

The facts are fully stated and many of the Alabama decisions reviewed in the able opinion of the district court, reported as Ingalls Iron Works Company v. Ingalls, N.D.Ala.1957, 152 F.Supp. 523. After careful consideration, however, we find ourselves in disagreement with the conclusion there reached.

■■ The question of account stated or open account is not a mere matter of procedure or of different forms of action, but is also a substantive question as to different kinds of claims. In Alabama, actions upon a stated account must be commenced within six years,[1] while the limitation as to open accounts is only three years.[2] The plaintiff has the burden of proving each debit item of an open account,[3] while, on a stated account, he need prove only the statement of the balance due[4] and the defendant has the burden of impeaching any item by proof limited to fraud, mistake, or lack of consideration.[5] Truly, an account stated is "a new cause of action with a new term of limitation," R. H. Stearns Co. v. United States, 1934, 291 U.S. 54, 65, 54 S.Ct. 325, 329, 78 L.Ed. 647.

■ A stated account has been best described, we think, by Mr. Justice, afterward Chief Justice, Gardner speaking for the Alabama Supreme Court in his collection of the pertinent Alabama cases in Walker v. Trotter Brothers, 192 Ala. 19, 68 So. 345, 346:

" 'To make an "account stated," there must be a mutual agreement between the parties,' as to the allowance of their respective claims, and to establish such an account there must be proof of 'assent to the account as rendered. To maintain the action as averred in the complaint, the plaintiff must prove an account stated; that, and nothing else, will support his allegations. "An account stated is an account balanced and rendered, with an assent to the balance, expressed or implied, so that the demand is essentially the same as if a promissory note had been given for the balance." Loventhal v. Morris, 103

---

1. Alabama Code 1940, Title 7, Section 21 (5).

2. Alabama Code 1940, Title 7, Section 24.

3. E.g., Ryan v. Gross, 1812, 48 Ala. 370; Comer v. Way, 1895, 107 Ala. 300, 19 So. 966; cf., Alabama Code 1940, Title 7, Section 378.

4. Ware v. Manning, 1889, 86 Ala. 238, 5 So. 682; Comer v. Way, note 3, supra.

5. Walker v. Driver, 1845, 7 Ala. 679; Paulling v. Creagh's Adm'rs, 1875, 54 Ala. 646; Ivy Coal & Coke Co. v. Long, 1904, 139 Ala. 535, 36 So. 722. Cf., Cudd v. Cowley, 1919, 203 Ala. 665, 85 So. 13.

Ala. 332, 15 So. 672.' Moore v. Holdoway, 138 Ala. 448, 35 So. 453.

" 'In order to create a stated account, there must not only be a meeting of the minds as to correctness of the statement, but there must be a promise by the debtor, expressed or implied, for the payment of same. * * * The mere admission that the items of an account are correctly stated is not sufficient, unless it appears that the debtor expressly or impliedly agreed to pay it. * * * It is true that, if one renders another an account, which he promises to pay or which he retains without objection, it becomes a stated account, because of an express promise to pay in the first instance, or of an implied promise in the second, arising out of the retention of same without objection; but the mere admission of the correctness of the items of an account, with a denial of liability, would not make it an account stated. In other words, in order to render one liable as upon an account stated, he must not only admit its correctness, but must expressly or impliedly admit his liability.' Moore v. Maxwell, 155 Ala. 299, 46 So. 755."

The plaintiff claimed that the account sued on became stated because of a communication signed by the defendant and forwarded to Messrs. Ernst and Ernst, accountants for the plaintiff, verifying the balance of the account as of close of business December 31, 1951. The carefully written opinion of the district court states the facts so fully as to relieve us from going further into detail.

The district court found the case nearest in point to be Sinclair Refining Co. v. Robertson, 32 Ala.App. 212, 23 So.2d 869, 871; Id., 247 Ala. 260, 23 So.2d 872, 873. The question in that case was whether the plaintiff, not the defendant, was entitled to a directed verdict. The jury had returned a verdict for the plaintiff in an action upon a stated account and the trial court had granted the defendant's motion for a new trial on the ground that the verdict was contrary to the great weight of the evidence.

The account was for fuel oil, and the defense was that the fuel oil was defective. The plaintiff sought to preclude that defense by suing upon a stated account, and it insisted that it was entitled to a directed verdict (affirmative charge under Alabama practice) upon the theory that the account had become stated. The acknowledgment of the account had been sent to the plaintiff itself rather than to its accountants, but had stamped across its face the statement: "This is not a request for payment." The actual holding of the Alabama Courts was that the jury could "infer all this statement was (was) a bookkeeping matter to balance accounts and no acknowledgment of correctness otherwise," (23 So.2d at page 873) and, hence, that the *plaintiff* was not entitled to a directed verdict. It by no means follows that the *defendant* was not so entitled. Indeed, to the extent of the actual holding, the decision tends in the defendant's favor. The question was not presented as to whether the inference held to be reasonable was the *only* reasonable inference that could be drawn from the evidence. That question is presented in this case, where we are called upon to decide whether the *defendant* was entitled to a directed verdict. We think the Supreme Court of Missouri came closer to deciding that question when it held that a defendant, under a similar factual situation, was entitled to a judgment on the pleadings. Cammann v. Edward, 1936, 340 Mo. 1, 100 S.W.2d 846, 849. We may observe further that here the facts are more favorable to the defendant than they were in either the Alabama case or the Missouri case, just mentioned, for in each of those cases it is apparent that the usual business practice of presenting periodic statements prevailed.

■ Where the agreement is that the account should remain open for future

dealings between the parties, and where no periodic statements are rendered or times of adjustment agreed on, a balance must be struck under such circumstances as will constitute a final adjustment, a closing of the account up to that time and a promise, express or implied, to pay that balance and to convert it into a different kind of claim.

Plainly, we think, that did not occur in the setting of the dealings between these parties. Mrs. Ingalls was requested by the Company merely to advise its accountants, Messrs. Ernst and Ernst "whether or not this statement is correct." That request was accompanied by the assurance, "This is not a dun but simply a request for verification." No itemized statement was enclosed but a mere statement of the amount of the balance as it appeared on the records of the Company. Mrs. Ingalls was requested to address her reply "on the attached blank," which was directed to "Ernst and Ernst." Under the undisputed evidence, they had no authority to contract for the Company or to agree to any statement of the account with Mrs. Ingalls, though the effect of their verification of the account was to be reported to the board of directors of the Company. The original action of an account stated was called *insimul computassent*, which means "they account together." Jasper Trust Co. v. Lampkin, 162 Ala. 388, 50 So. 337. It is true that Mrs. Ingalls acknowledged the balance of the account as stated to her over the Company's typed or printed name and that the Company retained the report of its accountants containing that verification without any objection for more than a reasonable time.

What Mrs. Ingalls signed, however was denominated by the Company itself as *"simply a request for verification."* At the bottom of the attached blank, she was directed to "return *this verification* to the Birmingham office of Ernst and Ernst." (Emphasis supplied.) Under the past and future dealings of the parties, we are confident

that it did not constitute anything more. Money belonging to Mrs. Ingalls and collected for her by her husband had been received by the Company in its bank account and credited to her and money had been expended out of the Company's account purportedly in payment of obligations of Mrs. Ingalls over a period of more than twenty years with no interest charged on either side and with no account having been rendered to Mrs. Ingalls. It would appear without dispute that that arrangement was expected to continue indefinitely and it actually did continue until August 6, 1953, that is, for more that a year after the date on which it is claimed that the open account became a stated account. It was then terminated by Mrs. Ingalls' letter directing that no more charges be made to her account. The plaintiff Company further stated to Mrs. Ingalls: "Our auditors are making their *regular examination* and wish to verify this account from an independent source." (Emphasis supplied.) Was there any agreement to pay, express or implied? May an open account—which had been running continuously for over twenty years with many entries each year, which had had yearly balances fluctuating in favor of both sides, with dealings of the parties current and running, with expectations of future dealings and which future entries were constantly made for over a year after the alleged closing—be closed by the mere admission of the bookkeeping balance of an auditor's report? We think, as a matter of law, that it may not be so closed. To hold otherwise would subject every debtor who is considerate enough to answer an inquiry propounded by an auditor (and we take judicial knowledge that this practice is common in the commercial world) to an action upon an account stated which would increase the burden of his defense, and in some cases even preclude an otherwise valid defense. Under all of the circumstances, Mrs. Ingalls' communication to Ernst and Ernst is simply evidence of her admission of the balance of an open account

and does not operate to convert the open account into a stated account.

 Apparently recognizing the possibility that the case can be re-tried, the defendant did not move for judgment n. o. v., but only for a new trial. That is the relief to which she is entitled. Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A.; Cone v. West Virginia Paper Co., 1947, 330 U.S. 212, 215, 67 S.Ct. 752, 91 L.Ed. 849.

The judgment is therefore reversed and the cause remanded.

Reversed and remanded.

On Petition for Rehearing

PER CURIAM.

On original hearing we held that the appellant-defendant is entitled to a new trial. The language of our opinion is susceptible of the construction that the case can be retried only "upon an appropriate amendment of the complaint." We did not mean to limit the discretion of the trial court in the rulings to be made by it on the pleadings and issues. To avoid misunderstanding, therefore, the quoted expression is withdrawn.

The appellee-plaintiff further insists that the issue on the "tax counterclaim" has been adjudicated adversely to the appellant-defendant and cannot be retried. We do not agree. The district court had charged the jury that if they found for the plaintiff on the form of verdict which they used "they would be finding against the defendant on the counterclaim," referring, admittedly, to the "tax counterclaim." The submission of the issue of account stated vel non, under the instructions given, infected the entire case with error. The jury may never have reached the merits of the "tax counterclaim," and that counterclaim should not, therefore, be excluded from the new trial to which we have held that the appellant-defendant is entitled.

With the opinion thus modified, the petition for rehearing is

Denied.