# Lallande v. Brown.

## Action on Account Stated.

1. *Account stated; action on, tried by judge, when judgment not disturbed.*—In an action on an account stated tried by the judge without a jury, if the evidene would authorize a judgment either for plaintiff or defendant according as the judge determines upon its credibility, the judgment ren-

[Lallande v. Brown.]

dered will not be disturbed unless illegal evidence is admitted.

2. *Conversations in absence of defendant not admissible against him; in his presence when admissible.*—In an action on an account stated for the recovery of a physician's bill, a conversation between the plaintiff and a brother of the defendant in the absence of the latter to the effect that the brother was told the amount of the bill and in reply said it was too much but he and defendant would pay it, is inadmissible and its admission is reversible error, although the issue was tried by the court without a jury; but a conversation touching the amount of the bill had between the plaintiff and the brother in the sick room of the defendant and in his hearing, is admissible although the defendant was very sick at the time and may not have heard it.

3. *Account stated; writing not necessary to create.*—To create a stated account it is not essential that the statement of the account should be made in writing.

APPEAL from the City Court of Birmingham.
Tried before the Hon. W. W. WILKERSON.

Action on an account stated tried by the court without jury. A conversation between the plaintiff and a brother of the defendant in the absence of the latter was admitted by the court. Also a conversation between the same parties at the bedside of the defendant touching the amount of the account while the latter was "as sick as a man could be and be alive" was offered and admitted. The first conversation was to the effect that the brother asked the plaintiff what his bill would be and on being told said it was too much but he and his brother would pay it.

GEORGE A. EVANS, for appellant, cited the following authorities: *Loventhal v. Morris,* 103 Ala. 332; 1. Am. & Eng. Ency. p. 442; *Ware v. Manning,* 86 Ala. 243; *Gale v .Johnston,* 72 Ala. 257; *Nooe v. Garner,* 70 Ala. 450; *Cowan v. Way,* 19 So. Rep. 967.

C. W. HICMAN and E. W. HAMILL, *contra,* cited the following authorities: *Nooe v. Garner,* 70 Ala. 443; *Landon v. Roone,* 6 Ala. 518; *Walker v. Driver,* 7 Ala. 879; *Ware v. Dudley,* 16 Ala. 742; *Chapman v. Lee,* 47 Ala. 143; *Ryan v. Gross,* 48 Ala. 370; *Wharton v. Caine,* 50 Ala. 408; *Herstfield v. Levy,* 69 Ala. 351.

DOWDELL, J—.This was an action on the common counts brought by the appellee George S. Brown against P. H. Lallande in the city court of Birmingham, and was tried by the court without the intervention of a jury. The complaint contained three counts, the second count claiming on an account stated between the parties. On the undisputed evidence the plea of the statute of limitations of three years was sustained as to the first and third counts. .The court rendered judgment in favor of the plaintiff for $227.70, and this finding necessarily rested upon the evidence under the second count. The plea of the general issue was interposed to this count, and, of course, the burden of proof was upon the plaintiff to prove an account stated. On this issue, the testimony of the plaintiff tended to show an account stated between the parties, while that of the defendant was a denial of it. The evidence in the case was such as would have authorized a judgment for or against the plaintiff, according as the trial judge determined upon its credibility, and would have remained undisturbed by this court but for the admission of illegal evidence. The conversation between plaintiff and the defendant's brother testified to by the plaintiff, and which was had in the absence of the defendant, was clearly illegal and not admissible against the objection of the defendant. It has recently been decided by this court in the case of *First National Bank v. Chaffin*, 24 So. Rep. 80, that the admission of illegal evidence, although the trial is had by the court, and without the intervention of a jury, is a reversible error where there is a conflict in the remaining evidence upon a material issue, as it is impossible in such case for this court to know or say how far the illegal evidence may have influenced the mind of the trial judge in arriving at his conclusion. There was no error in the admission of the testimony as to the conversation had in the defendant's room during his illness in regard to plaintiff's charges. This was in the presence of the defendant and relevant to the matter in issue and therefore competent. The objection urged goes to the weight which should be accorded such evidence, rather than to its competency. As the cause must be reversed and remanded for another trial, for the error pointed out, and

[Parker, Adm'r, Etc. v. Eufaula National Bank.]

the question having arisen on the former trial as to whether a writing was necessary to convert an open account into an account stated, and which is likely to again arise, we now here decide, that to create a stated account it is not essential that the statement of the account should be made in writing.—*Pinchon v. Chilcott,* 3 C. & P. 236; 14 E. C. L. 283; *Knowles v. Michael,* 13 East, 249; *Watkins v. Ford,* 69 Mich. 357.

The judgment of the city court is reversed and the cause remanded.