# Jasper Trust Co. *v.* Lamkin.

*Assumpsit.*

(Decided June 10, 1909. Rehearing denied June 30, 1909.
50 South. 337.)

1. *Account; Stated; Nature.*—To constitute an account stated it is not necessary that there should be mutual or reciprocal accounts; if one party holds an account against the other, and a statement thereof is made, showing the amount due on a particular day, and it is agreed by the other party to be correct, and there is an actual or implied promise to pay it, it becomes an account stated between the parties.

2. *Limitations of Actions; Tolling Statute; Acknowledgement.*—Where one holds notes against another, and after calculating the interest thereon states the amount due to the other, and he assents to its correctness, the notes are not thereby merged into an account stated so that the creditor can sue thereon after the notes have become barred by the statute of limitations. This is especially true in view of the provisions of section 4850, Code 1907.

3. *Accounts; Stated; Past Transactions.*—An account stated necessarily refers to a past transaction, and the mere adding of an amount paid at the time of the execution of the notes, would not constitute the entire amount of the account stated, since the basis of a recovery is the express or implied promise to pay the money due on the account.

APPEAL from Walker Law and Equity Court.
Heard before Hon. T. L. SOWELL.

Action by the Jasper Trust Company against T. P. Lampkin. There was a directed verdict for defendant, and plaintiff appeals. Affirmed.

The transfer of the judgment referred to as having been made by defendant and his wife is as follows: "State of Alabama, Walker County. For and in consideration of the sum of seven forty eight, and seventy-seven, we, N. M. Lampkin and T. P. Lampkin, her husband, do hereby assign and transfer unto the Jasper Trust Company, the judgment obtained by N. M. Lampkin against H. J. Gravlee, D. W. Gravelee, and D. H. Gravelee, on the 20th day of February 1905 for $255.81, in the circuit court of Walker county, Alabama, subject to the order given to B. Odom on said judgment, and also all the right, title and interest of said N. M. Lampkin in and to a certain claim now pending in the chancery court of Walker county, Alabama, wherein N. M. Lampkin is complainant, and H. J. Gravelee is respondent, in which cause the original bill is filed on the 3rd day of April, 1894, and a decree rendered therein on the 26th day of April, 1895, and also all the claim of the said N. M. Lampkin in and to the promissory note attached as an exhibit to the original bill, in said cause. The transfers of said judgment and said claim being also subject to the lien of Coleman & Bankhead, attorneys for the fees in said cause. When the said Jasper Trust Company collects the money on said judgment in the circuit court, and said claim in the chancery court, after satisfying the said sum of $748.77 with the interest thereon, up to the date of the collection hereof, the said Jasper Trust Company will turn over to the said N. M. Lampkin the excess."

Dated and signed June 1, 1895, by N. M. and T. P. Lampkin.

W. C. DAVIS, and A. F. FITE, for appellant. The indebtedness between appellant and appellee was a stated account.—*Ware v. Manning,* 86 Ala. 242; *Lowenthal v. Morris,* 103 Ala. 336; 1 Cyc. 364. The transfer did not amount or operate as a payment, release or satisfaction of the debt.—*Crass v. Scruggs,* 115 Ala. 269; *Elston v. Comer,* 108 Ala. 79. The action was not barred by the statute of limitation.—Sec. 2976, Code 1896.

BANKHEAD & BANKHEAD, for appellee. The action of the plaintiff in calculating the interest on the note and sending it to the defendant who admitted its correctness did not render it an account stated.—*Moore v. Maxwell,* 46 South. 755; 1 A. & E. Ency. of Law, 437; *Ryan v. Gross,* 48 Ala. 375; *Lowenthal v. Morris,* 103 Ala. 335. The rendering of the statement could not relieve the bar of the statute of limitations on the notes.— Sec. 4850, Code 1907, and authorities supra. It is a well settled rule that money voluntarily paid under a claim of right, and with knowledge of the facts upon the part of the person making the payment or to be affected by it, cannot be recovered on the asserted ground that the claim was invalid or unenforceable.—22 A. & E. Ency. of Law, 609; *Brassel v. Williams,* 51 Ala. 349; *Dennis v. Williams,* 40 Ala. 633; *Fulford v. Johnson,* 15 Ala. 393; *Trotter v. Crockett,* 2 Port. 411; *Moore v. Briggs,* 15 Ala. 240; *Prichard v. Sweeney,* 109 Ala. 659.

SIMPSON, J.—All of the counts in the complaint . were withdrawn, except the seventh, claiming on an account stated on the 1st day of June, 1895, and the ninth, for money loaned by the plaintiff (appellant) to the defendant (appellee) on the same day. The facts are that, on said 1st day of June, 1895, the defendant was indebted to said plaintiff by four promissory notes, past

due, amounting to $574.98, and by an arrangement between plaintiff and defendant the defendant and his wife assigned to the plaintiff a judgment and a decree which belonged to the wife, by a written instrument, which is set out in the statement of this case by the reporter. Defendant's notes were delivered up to him as canceled, and the plaintiff paid to the defendant the difference between the face value of said judgment and decree and the amount due on said notes. On November 28, 1898, defendant's wife filed a bill in the chancery court to set aside the said assignment and transfer of said judgment and decree on the ground that it was void under the married woman's law of the state, and the said court finally rendered a decree granting the relief prayed.

At the time of the commencement of the present suit the original notes, if in existence, would have been barred by the statute of limitation of six years, so the theory of the plaintiff is that the transaction between plaintiff and defendant amounted to an account stated, on which it is entitled to recover. The statute of limitation of six years was pleaded, as well as the general issue. An account stated is correctly defined in the case of *Ware v. Manning,* 86 Ala. 242, 5 South. 682, as copied in the brief of appellant. This and other cases establish the proposition that it is not necessary that there should be mutual or reciprocal accounts; but if one party holds an account against the other, and a statement of the same is made showing the amount due on a particular day, and the same is agreed by the other party to be correct, and there is a promise, either actual or implied, to pay the same, it amounts to an account stated between the parties.—*Ware & Cowles v. Dudley,* 16 Ala. 742; *Loventhal & Son v. Morris,* 103 Ala. 332, 15 South 672; 2 Mayfield's Digest, p. 24 et seq.; 1 Cyc. 364; 1 Am. & Eng. Encyc. Law (2d Ed.) 437.

The first proposition which presents itself is, where one person holds one or more promissory notes against another, and after calculating the interest states the amount due to the other, and he assents to the correctness of the amount, does that constitute an account stated between them, so as to authorize the creditor to sue and recover on an account stated, in place of suing on the note? At an early day in England it was held that, where a debt was evidenced by an instrument under seal, a recovery could not be had in an action of assumpsit. One reason seems to be that there is no consideration for the new promise, because the party is already bound by a higher evidence of debt to pay, and the court says: "There must be at least some additional consideration, such as items, for instance, foreign to the articles of agreement, introduced into the account and included within the promise, in order to take the claim founded upon it out of the operation of the agreement or contract under seal; otherwise, the plaintiffs below must be confined to their action of covenant, founded upon the articles of agreement, for the recovery of their claim."—*Gilson v. Stewart*, 7 Watts (Pa.) 100, 103, 105. It was also decided that "where a sum of money is secured by a deed, and a balance is struck for the purpose of ascertaining how much remains due thereon, and the obligor admits the correctness of the account and promises to pay it, debt or simple contract on an account stated will not lie, but the action must be brought on the specialty." the court saying: "The defendant is charged with nothing but the money secured by the deed. There is no consideration for the suggested new liability, except the ascertaining how much remains due on the deed. It is a perversion of language to speak of this as an account stated. It is merely a process adopted for the purpose of ascertaining how

much of the original debt has been discharged, and all which is really done is to make out to what extent the defendant remains liable upon the deed."—*Middleditch v. Ellis,* 2 Exchequer Reports, 623, 628.

In a case in Wisconsin, where there was evidence of a special contract, and the court had charged the jury on the admission of the correctness of an account presented by silence, the Supreme Court, while holding the charge misleading in other respects, said: "Aside from the fact that this claim is not a matter of book account, or of an account rendered, or bill presented, but the subject of a special contract, and such a principle of law has no application to it, it was unfair," etc. —*Valley Lumber Co. v. Smith,* 71 Wis. 308, 37 N. W. 413, 5 Am. St. Rep. 218. In a case where A. gave bond. to B. to pay a sum of money, with annual interest, A., as agent of B., holding the bond, annually computed interest and entered the amount due on the bond. At the end of the agency an account was stated between A. and B., based on these annual statements. Held, that there was no sufficient agreement to pay compound interest, and "if there was anything due upon the bond, it could not be recovered in an action as upon an account stated, but that the action should have been on the bond," the court saying: "When a sum of money is secured by a deed, and a balance is struck for the purpose of ascertaining how much remains due thereon, and the obligor admits the correctness of the account and promises to pay it, an action will not lie on this account or promise, but the action must be brought on the security. A simple contract is merged in a bond, covenant, or other contract, by deed or record; but the greater security is not merged in a lesser."—*Young v. Hill,* 67 N. Y. 162, 23 Am. Rep. 99, 108.

It is true that these decisions relate mainly to matters of pleading and also to sealed instruments; but we think the principles are applicable to show that a mere calculation of the amount due on promissory notes cannot merge the note into an account stated. An account stated must still be an account, and the origin of the action shows that it was not intended to be applied to a case like the one now under consideration. The original action was called "insimul computassent," which means "they accounted together," and it was averred "that the parties had settled their accounts together, and defendant engaged to pay plaintiff the balance."— Black's Law Dictionary. Evidently, when there is no indebtedness except one or more promissory notes, the promisor is as firmly bound to pay the amount, which is definitely fixed by the note, as he could be by any implied promise; also there is no account for them to settle together. Each one with his pencil can ascertain at any moment just what is due, and the mere affirmation of what they both know and are already bound to cannot form a new contract. Besides, section 4850 of the Code of 1907 provides that "no act, promise, or acknowledgment is sufficient to remove the bar to a suit created by the provisions of this chapter, or is evidence of a new and continuing contract, except a partial payment, made upon the contract, by the party sought to be charged, before the bar is complete, or an unconditional promise in writing, signed by the party to be charged thereby." A stated account, if it is anything, is a new and continuing contract, and it seems that this is the contingency that the statute is intended to provide against. It is true that, from the wording of the first part of the section, it might be liable to the construction that it was referring only to removing a bar which had already taken place; but the other wording shows that

[Jasper Trust Co. v. Lamkin.]

it is referring to acts both during the running of the statute and after the bar has been completed. A "continuing contract" can refer only to continuing that which is now binding, and the provision as to payment made before the bar shows the same intention.

If the principle contended for by appellant was admitted, a man could, in defiance of the statute, keep a promissory note running for a lifetime, by simply sending the promisor a statement of the note and interest due at intervals, and thus making a new and continuing contract, and also have the effect of creating a stated account, which would entitle him to interest on interest therein calculated. The plaintiff was not entitled to recover on the complaint, and it is unnecessary to consider other points which might be taken up.

The general affirmative charge was properly given in favor of the defendant, and the judgment of the court is affirmed.

Affirmed.

ANDERSON, DENSON, and MAYFIELD, JJ., concur.

On Rehearing.

SIMPSON, J.—It is contended by the appellant that the principles announced in the opinion do not apply, because the "account stated" which is sued on does not consist merely of the amount found to be due on the notes, but of the additional amount which was received by the defendant at the time the judgments were assigned. An account stated necessarily refers to a past transaction, and the mere adding of the amount paid at that time could not constitute the entire amount of an account stated. Besides, the basis of recovery on an account stated is the promise, express or implied, to pay money. There was no promse, either express or impli-

ed, to pay said money; but, on the contrary, the money, in connection with the notes, was paid in consideration of the transfer of the judgments, without any intention, on the part of either, that it was ever to be repaid. —1 Cyc. 373, 365.