(88 South. 60)

AMERICAN RY. EXPRESS CO. v. DUNNAWAY & LAMBERT. (2 Div. 215.)

(Court of Appeals of Alabama. Nov. 9, 1920. Rehearing Denied Jan. 18, 1921.)

1. APPEAL AND ERROR ⊚139(4)—REFUSAL OF GENERAL CHARGE WHERE THERE IS A JURY QUESTION ON ANY OF THE COUNTS IS NOT ERROR.

A court will not be put in error for refusing defendant's request for the general charge directed at each of five counts where there is evidence tending to prove the last two.

2. CARRIERS ⊚228(1) — CARRIER CHARGED WITH BURDEN OF SHOWING IT PROPERLY FED, WATERED, AND CARED FOR HOG SHIPPED FROM ADJOINING STATE.

The value of a hog expressed to Alabama from an adjoining state having been agreed on and rate fixed according to value, Act Cong. Aug. 9, 1916 (U. S. Comp. St. § 8604a), specifically provides that a special contract may not be made releasing the carrier from any common-law duties or restricting the valuation, and this leaves the carrier as an insurer, charged in a suit for its death from overheat and lack of water, with the burden of showing that it properly fed, watered, and cared for the hog while in its custody, though it was in transit less than the time limit fixed by the federal law at which a penalty is fixed for failure to water.

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

Action by Dunnaway & Lambert, a partnership, against the American Railway Express Company for damages for injuries to a hog. Judgment for plaintiff, and defendant appeals. Affirmed.

Arthur M. Pitts, of Selma, for appellant.

The defendant was entitled to a directed verdict. 78 Ala. 587; 123 Ala. 683, 27 South. 323; 58 South. 710; 65 Tex. Cr. R.

564, 144 S. W. 949; 123 Ala. 683, 27 South. 323; 10 C. J. 380. The court erred in giving the charges as to the burden of proof requested by the defendant. 3 Ala. App. 413, 57 South. 514; (Ky.) 105 S. W. 131; 6 Cyc. 524, and authorities supra. The carrier had a right to make a special contract with the shipper. U. S. Compiled Statutes 1916, § 8604a.

Hugh Mallory, of Selma, for appellee.

The cause of loss is a matter to be determined by the jury, and the law casts the burden on the carrier. 52 Ala. 614, 23 Am. Rep. 578; 169 Ala. 265, 52 South. 918, 29 L. R. A. (N. S.) 1214, Ann. Cas. 1912B, 389. The susceptibility of hogs to overheating is not one of the exceptions. 261 Mo. 379, 169 S. W. 109. 138 Iowa, 187, 115 N. W. 1113, 16 L. R. A. (N. S.) 883, 128 Am. St. Rep. 185; 42 Ill. 474, 92 Am. Dec. 85.

SAMFORD, J. [1] The first assignment of error is based upon the court's refusal to give, at the request of defendant, the general charge. The first three counts claimed damages for a nondelivery, and the fourth and fifth for negligent handling. Even if there had been no evidence to sustain the first three counts, the court would not be put in error for refusing a requested general instruction, directed at the entire five counts of the complaint, where there was evidence tending to prove the allegations of the last two. But in this case there was some evidence tending to prove that no delivery of the sow in question was ever in fact made, and there was sufficient evidence to submit the question of negligence to the jury. That being the case, the refusal of the court to give the general charge as requested was not error.

[2] The chief insistence of appellant is that the court committed error in the giving, at the request of plaintiff, the following charges:

"The burden of proof is on the defendant express company to show that it properly fed and watered said hog, while in its custody," and, "The burden of proof is on the defendant to show that it properly cared for said hog while in its custody."

The facts show that the defendant, a common carrier, received from plaintiff at Fernwood, Miss., a sow heavy with pigs and weighing 500 pounds and properly crated, to be delivered to plaintiff at Orville, Ala., for a reward, and during the transportation period the hog was under the exclusive supervision and control of defendant. All jurisdictional facts were admitted. Plaintiff's evidence tended to show that the hog, when delivered to defendant, was sound and in good condition; that upon its arrival at Orville some 27 hours afterwards it was suffering from overheat and lack of water, and from the effects of this, although properly treated, it died. It was also shown that the weather was hot and there was some evidence going to show that the hog needed attention at Selma (an intermediate point), which fact was known to defendant, and that none was given. It is insisted by appellant that, this being an interstate shipment, the carrier would not be guilty of negligence in failing to water the hog until it had been in transit for more than 28 hours, that being the time limit fixed by federal statute at which a penalty is fixed for a failure to do so, unless it be shown by plaintiff that the hog needed to be watered. The opinion in Southern R. Co. v. Proctor, 3 Ala. App. 413, 57 South. 513, deals with a case where the federal statute fixing the time limit at which stock must be fed and watered had been violated by the defendant. It was properly held in that case that:

"Its failure to perform the duty imposed upon it by the statute is negligence per se."

But that case is not an authority on the burden of proof as affecting the case at bar. The value of the hog shipped having been agreed upon by the parties, and the rate fixed in accordance with the value, it is specifically provided by the federal statute (1915–1917, 39 Stat. 1, c. 301, p. 441 [U. S. Comp. St. § 8604a]) that a special contract of shipment may not be made relative to certain live stock (including hogs) so as to release the carrier of any of its common-law duties, or restricting the valuation. This then leaves the carrier as an insurer, under the rule declared in A. C. L. R. R. Co. v. Rice, 169 Ala. 265, 268, 269, 52 South. 918, 29 L. R. A. (N. S.) 1214, Ann. Cas. 1912B, 389. This rule as there stated, and which it is unnecessary for us here to repeat, places the burden upon the carrier in cases such as the one at bar of acquitting itself of negligence in case of damage to live stock received for shipment. The rule is well stated in the case cited supra, and is well grounded on reason and authority. The trial court did not err in giving the two charges as requested.

We find no error in the record, and the judgment is affirmed.

Affirmed.