(94 South. 535)

**BROWN v. CORONA COAL CO.**
**(6 Div. 722.)**

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Denied Dec. 7, 1922.)

**1. Trial ⬤⟾142—Affirmative charge with hypothesis not warranted when evidence authorizes a reasonable inference against party asking such charge.**

An affirmative charge, with hypothesis in favor of a party, is not warranted, where the evidence authorizes a reasonable inference unfavorable to the party requesting such charge.

On Rehearing.

**2. Trial ⬤⟾139(4)—General affirmative charge should not be given if one count is sustained by some evidence.**

A general affirmative charge with hypothesis in favor of defendant is error, where there are two counts, and one of them is sustained by some evidence.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by G. F. Brown against Corona Coal Company. From a judgment for defendant plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Count 1 of the complaint is as follows:

"The plaintiff claims of the defendant the sum of $100 damages, for that during, to wit, August and September, 1920, the defendant negligently permitted its mules or horses to trespass on lands or crops of plaintiff and destroy cotton, corn, hay, and peas to the value of $100."

Count A of the complaint reads:

"The plaintiff claims of the defendant the sum of $100 for that heretofore, on, to wit, during the summer of 1920 the plaintiff and the defendant made a contract, by the terms of which the plaintiff agreed that the mules of the defendant should be allowed to run in plaintiff's pasture; the defendant agreed to pay plaintiff for the privilege of said stock running in his said pasture; that it was agreed and understood by the parties to the said contract that in the event defendant's said stock broke out of the pasture and did damage to plaintiff's crops the defendant was to pay for the damage done by the said stock; that on, to wit, during August and September, 1920, the said mules of the defendant did break over the fence and destroy a crop consisting of cotton, corn, hay, and peas. which belonged to plaintiff; hence this suit."

W. F. Finch, of Jasper, for appellant.

When there is any material conflict in the evidence, or when there is evidence which authorizes a reasonable inference of fact favorable to a right of recovery, the affirmative charge should not be given. 124 Ala. 461, 27 South. 259; 135 Ala. 533, 33 South. 332; 147 Ala. 573, 42 South. 67.

A. F. Fite, of Jasper, for appellee.

The court correctly gave the affirmative charge for defendant.

MILLER, J. This suit was commenced in the city court of Jasper, which has jurisdiction of a justice of the peace court, by G. F. Brown against the Corona Coal Company, a corporation, for damages to crops of plaintiff caused by the mules or horses of defendant. It was appealed from the city court of Jasper to the circuit court. It was tried in both courts on a count charging that defendant negligently permitted its mules or horses to trespass on lands or crops of plaintiff and destroy his crops to the value of $100. After all the evidence was introduced in the circuit court, the plaintiff by leave of the court amended the complaint by adding count A. The cause was submitted to the jury by the court under counts 1 and A, and the general issue filed to each by the defendant. Count A claims damages of defendant for breach of a contract. There was a verdict by the jury in favor of the defendant, a judgment thereon by the court, and from it plaintiff prosecutes this appeal.

[1] The court gave the general affirmative charge, with hypothesis in favor of the defendant, and which defendant requested in writing. All such cases on appeal in the circuit court must be tried de novo, and according to equity and justice, without regard to any defect in the summons or other process or proceedings before the justice. Section 4720, Code 1907. Each count of the complaint, 1 and A, states a cause of action; neither is fatally defective. Where the testimony affords a basis for a recovery by the plaintiff under either count, the general affirmative charge with hypothesis should not be given in favor of the defendant, as requested in this case. Such a charge should not be given "when there is evidence which authorizes a reasonable inference of facts *unfavorable to a right of recovery by the party asking such charge.*" White v. Farris, 124 Ala. 462, headnote 7, 27 South. 259; Horn v. Pope, 205 Ala. 127, headnote 4, 87 South. 161; McMillan v. Aiken, 205 Ala. 35, headnotes 10, 11, 88 South. 135; Peters v. Southern Ry. Co., 135 Ala. 533, 33 South. 332.

We have read the evidence carefully. We find there is testimony, or reasonable inferences therefrom, which, if believed by the jury, would authorize them to return a ver-

dict in favor of plaintiff and against the defendant for the value of the damages to his crop caused by the stock of defendant. To set out and comment on that testimony in this opinion would serve no good purpose. The general affirmative charge with hypothesis in favor of the defendant, requested by the defendant, should not have been given by the court.

For this error the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

On Rehearing.

MILLER, J. [2] There are two counts in the complaint. There is evidence affording a basis for a recovery by the plaintiff under count 1, charging the defendant with negligence. This being true, the court committed reversible error in giving the general affirmative charge with hypothesis in favor of the defendant. It did not single out count A, the contract count, but called for a verdict for the defendant, if they believed the evidence, as to both counts. This was reversible error (McMillan v. Aiken, 205 Ala. 35, headnotes 10, 11, 88 South. 135), and renders it unnecessary for us to decide whether there is any evidence tending to show that Wilson, the agent of the defendant, had authority to make the contract with plaintiff as alleged in count A.

The application for a rehearing is overruled.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes