142 So.2d 257

Lillian Irene MARTIN

v.

Mildred F. STOLTENBORG.

6 Div. 778.

Supreme Court of Alabama.

March 22, 1962.

Rehearing Denied June 21, 1962.

[1]. Ante, p. 453.

Corretti & Newsom, Birmingham, for appellee.

LAWSON, Justice.

This suit was brought in the Circuit Court of Jefferson County by Mildred F. Stoltenborg against Lillian Irene Martin, d/b/a Martin Real Estate and Insurance Company.

Roger F. Rice and Fred Blanton, Birmingham, for appellant.

458

The first count of the complaint was upon an open account, the second upon an account stated. The amount sued for in those counts was $1783, with interest. The three remaining counts were for work and labor done in the amount of $933, $750 and $1783 respectively.

The cause was tried upon those counts and the plea of the general issue in short by consent in the usual form.

There was a jury verdict in favor of the plaintiff in the amount of $1974.48. Judgment was in accord with the verdict. The defendant's motion for a new trial being overruled, she perfected her appeal to this court.

■ The appellant's principal insistence for reversal is that the trial court erred in refusing to give, at appellant's request, the general charge with and without hypothesis. Those charges were not as to any specific count or counts but as to the whole case. Hence if there was evidence affording a basis for recovery under any one of the five counts, the charges were refused without error. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158; Brown v. Corona Coal Co., 208 Ala. 522, 94 So. 535; Woodward Iron Co. v. Burges, 219 Ala. 136, 121 So. 399; American Railway Express Co. v. Dunnaway & Lambert, 17 Ala.App. 649, 88 So. 60.

■ In dealing with the affirmative charges refused the defendant, we must look to the strongest tendencies of the evidence for the plaintiff. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Southern Ry. v. Sanford, 262 Ala. 5, 76 So.2d 164; Moore v. Cooke, 264 Ala. 97, 84 So.2d 748.

The evidence viewed in the light most favorable to the plaintiff is as summarized hereinafter.

■ Plaintiff, a real estate broker, was an employee of defendant when she secured the listing of a forty-acre tract of land in Jefferson County with the understanding that the purchaser, not the owner, would have to pay the broker's commission.

After she acquired the right to sell the land, the plaintiff was told by the defendant not to attempt to sell it to anyone because the defendant's husband, a real estate developer, was interested in acquiring it. Plaintiff was told by defendant that plaintiff would be paid her usual commission when the defendant's husband purchased the land and in consideration of that promise, the plaintiff did not attempt to sell the land.

The defendant's husband formed a corporation for the purpose of acquiring the land. That corporation, whose stock was practically all owned by the defendant's husband, did secure title to the land from the owner, who had listed it for sale with the plaintiff.

After the negotiations between defendant's husband and the owner had been completed, the defendant admitted she owed the plaintiff $1783 and promised to pay that sum to plaintiff. The defendant later refused to pay the plaintiff as promised and this suit followed.

■ We are of the opinion that the evidence summarized above presented a jury question under the second count which, as shown, was upon an account stated, which is an agreement between parties who have had a previous transaction or transactions of a monetary character that the item or items of account representing such transaction or transactions and the balance struck are correct, together with a promise, express or implied, for the payment of such balance. Walker v. Trotter Brothers, 192 Ala. 19, 68 So. 345, and cases cited; Ware v. Manning, 86 Ala. 238, 5 So. 682; Jasper Trust Co. v. Lamkin, 162 Ala. 388, 50 So. 337, 24 L.R.A.,N.S., 1237. See Ingalls v. Ingalls Iron Works Co., 5 Cir., 258 F.2d 750.

■ An account may consist of a single item. Wharton v. Cain, 50 Ala. 408;

Nooe's Ex'r v. Garner's Adm'r, 70 Ala. 443. To create a stated account, it is not essential that the statement of the account should be made in writing. Lallande v. Brown, 121 Ala. 513, 25 So. 997. The term "account" covers any item of indebtedness by contract, express or implied. Dees v. Self Bros., 165 Ala. 225, 51 So. 735. An account stated is not founded on the original liability, but on the defendant's admission that a definite sum is due in the nature of a new promise, express or implied. Cook & Laurie Contracting Co. v. Bell, 177 Ala. 618, 59 So. 273. In an action upon an account stated, to authorize recovery there must be shown a consideration to support the promise relied on, and if there is shown no consideration for the alleged promise, the plaintiff is not entitled to recover. In other words, in the absence of any original pecuniary obligation there can be nothing to settle or to merge into an accounting, and hence the promise to pay a claim not founded on such obligation, though it purports to be made as upon an account stated, is not conclusive and may be shown to be without consideration. Ivy Coal & Coke Co. v. Long, 139 Ala. 535, 36 So. 722.

In the instant case there was an original pecuniary obligation based upon a valid consideration, plaintiff's action in securing the property for sale, together with her abandonment of efforts to sell it because plaintiff's husband was to become the purchaser.

The evidence making out a case for jury determination under the second count of the complaint, the trial court correctly refused the affirmative instructions which were as to the entire complaint. Authorities, supra.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.