ED WARD.N. SCRUGGS, Retired Circuit Judge.
This civil action seeks to collect alleged accounts stated.
Each of the seven counts in the complaint of Mobile Rug & Shade Company, Inc. (the company) sought varying amounts from Mr. Daniel for seven distinct accounts stated having separate dates. Mr. Daniel’s answer included a defense that every matter sued upon was barred by the three year statute of limitations, § 6-2-37(1) of the Code of Alabama 1975. He later filed a motion for a summary judgment which was granted by the trial court. The company appeals from that final judgment.
The primary issue is whether there was a scintilla of evidence which supports the company’s contention that its cause of action was based upon an account stated and, thus, was not precluded by the three year statute.
The applicable statute of limitations as to an account stated is six years. § 6-2-34(5), Code of Alabama 1975. The various trans *1333 actions sued upon occurred from fifty-seven to sixty-two months before the filing of the company’s complaint. About fifty-four months elapsed between the date of the last payment to the company and the institution of the civil action.
There was no genuine issue as to any material fact, and the company’s civil action could not be based upon account stated unless the following statement from an affidavit of one of the plaintiff’s employees provided at least a small particle of proof of the existence of an account stated between the parties:
“Each time that Mr. Daniel came in to do business with Mobile Rug & Shade Company, Inc., I went over his requirements for his particular construction job in detail by drawing up specifications and the like. After I did this work, I quoted him a price and he accepted it. I did this each time that I set up a contract for one of his jobs. It was also understood that the price on each contract would be due and payable by him upon completion of the contract.”
R. at 103-104.
One definition of an “account stated” is as follows:
“[A]n account stated ... is an agreement between parties who have had a previous transaction or transactions of a monetary character that the item or items of account representing such transaction or transactions and the balance struck are correct, together with a promise, express or implied, for the payment of such balance. Walker v. Trotter Brothers, 192 Ala. 19, 68 So. 345, and cases cited; Ware v. Manning, 86 Ala. 238, 5 So. 682; Jasper Trust Co. v. Lamkin, 162 Ala. 388, 50 So. 337, 24 L.R.A., N.S., 1237. See Ingalls v. Ingalls Iron Works Co., 5 Cir., 258 F.2d 750.
“An account may consist of a single item. Wharton v. Cain, 50 Ala. 408; Nooe’s Ex’r v. Garner’s Adm’r, 70 Ala. 443. To create a stated account, it is not essential that the statement of the account should be made in writing. Lallande v. Brown, 121 Ala. 513, 25 So. 997. The term ‘account’ covers any item of indebtedness by contract, express or implied. Dees v. Self Bros., 165 Ala. 225, 51 So. 735. An account stated is not founded on the original liability, but on the defendant’s admission that a definite sum is due in the nature of a new promise, express or implied. Cook & Laurie Contracting Co. v. Bell, 177 Ala. 618, 59 So. 273.”
Martin v. Stoltenborg, 273 Ala. 456, 142 So.2d 257 (1962).
Stated differently, “[A]n account stated is an account balanced and rendered, with an assent to the balance, expressed or implied; so that the demand is essentially the same as if a promissory note had been given for the balance. (Citations omitted.)” Sinclair Refining Co. v. Robertson, 247 Ala. 260, 23 So.2d 872 (1945).
Each count of the complaint is for a separate transaction and the sum total sought by the several counts is $2,981.34, which is the exact amount due according to the last balance reflected by the running account as carried in the company’s ledger book.
In construing the quoted portion of the affidavit in a manner which is most favorable to the company, the upshot is that the various transactions resulted in a simple, open, running account. There was no account stated because, according to the affidavit, the company seeks to recover upon original liability rather than upon a new promise by Mr. Daniel to pay the total account as balanced and rendered. At most, the affidavit only indicates Mr. Daniel’s original promise to pay for each of the seven particular transactions as distinguished from a new promise to pay a struck and rendered balance of $2,981.34. Our attention has not been directed to any assent by Mr. Daniel to that balance as carried upon the company’s books. Hence, there is not a gleam, glimmer or spark of evidence to support the company’s claim of an account stated between the parties. In short, the evidence is that, in actuality, the plaintiff’s civil action is upon an open account and nothing in the affidavit is in *1334 dicative of the creation of an account stated between the parties. There being no evidence of an account stated, the three year statute of limitations barred this civil action as to any evidence regarding an open account and the trial court correctly granted Mr. Daniel’s motion for a summary judgment.
Since the decision upon the foregoing issue is dispositive of this appeal, other argued matters need not be determined.
We affirm.
The foregoing opinion was prepared by retired circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.