EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an account stated case.
Dr. Owings’ amended complaint against Mr. Gullett was for an account stated and for a simple account.
Mr. Gullett moved for a summary judgment and his affidavit in support thereof was that he was attended by Dr. Owings while being hospitalized in February 1978, that he was completely dissatisfied with Dr. Owings’ services, that his condition worsened while under Dr. Owings’ care, and that he was transferred to a Birmingham hospital for further treatment. The remainder of his affidavit was as follows:
“Dr. Owings was unable to diagnose my condition or to explain the reason my condition worsened while I was under his care. For this reason, I felt then and feel now that the services rendered to me by Dr. Owings were valueless.
“After my 21 February to 1 March 1978 hospitalization, I received a state *1051 ment from Dr. Owings. I responded to the statement with a letter, explaining that I thought his services were unsatisfactory and disputing his bill. A copy of this letter is attached hereto, labeled Exhibit ‘A’, and made a part of this testimony.
“Since March 1978, it has been my continuous position that I am not indebted to Dr. Owings. I have never agreed to pay his statement and I deny that I owe him any money at all. I have signed no contract or other writing agreeing to pay Dr. Owings the statement.
“More than four (4) years have passed since Dr. Owings sent me this statement and I contend that the Statute of Limitations on his claim has expired and his suit against me ought to be dismissed.”
The letter attached as exhibit “A” was dated July 6, 1978. It disputed and denied owing the doctor’s bill because of the patient’s opinion that the services rendered by the physician were most unsatisfactory and not beneficial to his health and well-being, giving therein his argument, thoughts, and reasons for his opinion.
Dr. Owings’ counteraffidavit stated that, according to normal procedures, Mr. Gullett would have received a statement from him within thirty days from the date of Mr. Gullett’s last treatment by him. The office records of Dr. Owings, which are kept in the ordinary course of his business and which are under his control and supervision, disclose that Mr. Gullett called the physician’s office on April 12, 1978 and indicated that he would bring “an insurance form to pay his bill when he obtained the form from his insurance company.” The doctor further swore that he “never received the letter dated July 6, 1978, which Mr. Gullett contends he sent to my office.” After attempting to collect by other methods and means and through other sources, Dr. Ow-ings sent a new bill and demand for payment on March 2, 1982 to Mr. Gullett, who contacted the doctor’s office about a week later and indicated that he would pay it when he “got good and ready to.”
The trial court granted Mr. Gullett’s motion for a summary judgment and entered a judgment in his favor. Dr. Owings appeals and contends that a scintilla of evidence prevented the rendition of the judgment against him.
It is without controversy that the open account claim was barred by the three year statute of limitations and no contra argument is presented to us. Accordingly, •the judgment of the trial court in granting the motion for a summary judgment in Mr. Gullett’s favor as to the open account aspect of the case is affirmed.
Much of the law governing summary judgments was recently aptly summarized in a succinct manner by Chief Justice Torbert in Missildine v. Avondale Mills, Inc., 415 So.2d 1040 (Ala.1981), as follows:
“A party moving for summary judgment has the burden of clearly showing that the non-moving party cannot recover under any discernible set of circumstances and that there is no genuine issue as to any material fact. Fountain v. Phillips, 404 So.2d 614 (Ala.1981); Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala.1981); Amason v. First State Bank of Lineville, 369 So.2d 547 (Ala.1979); Ragland v. Alabama Power Co., 366 So.2d 1097 (Ala.1978). The moving party must be entitled to the summary judgment as a matter of law. Fountain v. Phillips, 404 So.2d 614 (Ala.1981); Studdard v. South Central Bell Telephone Co., 356 So.2d 139 (Ala.1978); Birmingham Television Corp. v. Water Works, 292 Ala. 147, 290 So.2d 636 (1974). All reasonable inferences concerning issues of material fact are to be drawn in favor of the non-movant. Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala.1981); Papastefan v. B & L Construction Co., 356 So.2d 158 (Ala.1978); Donald v. City National Bank, 295 Ala. 320, 329 So.2d 92 (1976).
“The burden for sustaining a motion for summary judgment is substantially increased by the scintilla of evidence rule. This rule requires that no summary judgment be granted if there is a scintilla of evidence to support the non-movant’s po *1052 sition. Fountain v. Phillips, 404 So.2d 614 (Ala.1981); Browning v. Birmingham News, 348 So.2d 455 (Ala.1977). The scintilla of evidence rule requires merely a gleam, glimmer, spark, the least bit, or the smallest trace in support of the non-moving party. Watkins v. St. Paul Fire and Marine Insurance Co., 376 So.2d 660 (Ala.1979).”
415 So.2d at 1041.
As to the applicable account stated law, we first quote the definition thereof:
“One definition of an ‘account stated’ is as follows:
“ ‘[A]n account stated ... is an agreement between parties who have had a previous transaction or transactions of a monetary character that the item or items of account representing such transaction or transactions and the balance struck are correct, together with a promise, express or implied, for the payment of such balance. Walker v. Trotter Brothers, 192 Ala. 19, 68 So. 345, and cases cited; Ware v. Manning, 86 Ala. 238, 5 So. 682; Jasper Trust Co. v. Lamkin, 162 Ala. 388, 50 So. 337, 24 L.R.A., N.S., 1237. See Ingalls v. Ingalls Iron Works Co., 5 Cir., 258 F.2d 750.
“ ‘... An account stated is not founded on the original liability, but on the defendant’s admission that a definite sum is due in the nature of a new promise, express or implied. Cook & Laurie Contracting Co. v. Bell, 177 Ala. 618, 59 So. 273.’
“Martin v. Stoltenborg, 273 Ala. 456, 142 So.2d 257 (1962).
“Stated differently, ‘[A]n account stated is an account balanced and rendered, with an assent to the balance, expressed or implied; so that the demand is essentially the same as if a promissory note had been given for the balance. (Citations omitted.)’ Sinclair Refining Co. v. Robertson, 247 Ala. 260, 23 So.2d 872 (1945).”
Mobile Rug & Shade Co. v. Daniel, 424 So.2d 1332 (Ala.Civ.App.1983).
An account is rendered when it is presented to the debtor. An account which has been rendered but which is not objected to by the debtor within a reasonable time after its rendition becomes an account stated, for the debtor’s failure to object is regarded as an admission by him of the correctness of the account. Home Federal Savings & Loan Association v. Williams, 276 Ala. 37, 158 So.2d 678 (1963).
The parties evidently agree that a statement or bill for the account was presented to Mr. Gullett and, according to the doctor’s affidavit, it was sent about a month after the conclusion of his treatment by Dr. Owings. The affidavit of Dr. Ow-ings was undisputed that, on April 12,1978, Mr. Gullett called the doctor’s office and stated that he would bring an insurance form “to pay his bill” when he obtained the form from his insurer. Such presented a gleam or spark of evidence of Mr. Gullett’s assent to the account and of an express or implied promise “to pay his bill.”
A factual dispute was created as to the purported July 6, 1978 letter. Mr. Gullett’s affidavit was that he received a statement from the physician and “I responded to the statement with a letter... . Since March 1978, it has been my continuous position that I am not indebted to Dr. Owings.” In construing the affidavit against the mov-ant, it is noteworthy that he does not contend that the protest letter was mailed or otherwise presented to Dr. Owings or that Mr. Gullett’s “continuous position” was disclosed to Dr. Owings until shortly after March 2, 1982. In view of such lack of particularity and since Dr. Owings’ affidavit expressly denied ever receiving the letter of July 6, 1978, a disputed question of fact was presented as to the letter. That raised a genuine material factual issue as to whether the rendered account became an account stated because of Mr. Gullett’s failure to object to Dr. Owings about the account within a reasonable time.
Accordingly, in those two factual respects, a scintilla of evidence was presented as to the existence of an account stated. The motion for a summary judgment should *1053 not have been granted in Mr. Gullett s favor as to Dr. Owings’ account stated claim and we must reverse the judgment and remand it as to that aspect only.
Dr. Owings further raises a question as to the adequacy of the allegations of Mr. Gul-lett’s defense of the statute of limitations; however, that answer is sufficient under rule 8(c) of the Alabama Rules of Civil Procedure. Brown v. Billy Marlar Chevrolet, Inc., 381 So.2d 191 (Ala.1980).
We affirm the judgment in part and reverse and remand it in part as aforesaid.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
All the Judges concur.