WRIGHT, Presiding Judge.
This is a case involving fees owed an accounting firm for preparing Small Business Administration loan applications.
On or about September 12, 1979, shortly after Hurricane Frederic hit Alabama, Paul Wyatt, appellant engaged the services of Bradford & Company, P.C., appellee, to prepare an application for a Small Business Administration loan. Bradford also completed a disaster loan application for Wyatt and upon completion, on November 30, 1979, billed Wyatt for the amount of $1,267.50. Wyatt did not pay the bill and Bradford filed suit January 28, 1983.
The issue in this case is whether the bill for $1,267.50 is an open account or an account stated. This point is critical be *823 cause suit was brought three years and two months after the bill was rendered and Wyatt claims the statute of limitation has run. The statute of limitation on an open account is three years, § 6-2-37, Code of Alabama 1975, while the statute of limitation on an account stated is six years, § 6-2-34, Code 1975. The trial court found the bill for $1,267.50 to be an account stated. Hence Bradford’s action was not barred. We affirm.
The definition of an account stated is well settled law.
“An account stated is not founded on the original liability but is a new agreement between parties to an original account that the statement of the account with the balance struck is correct and that the debtor will pay that amount. Martin v. Stoltenborg, 273 Ala. 456, 142 So.2d 257 (1962).”
White v. Sikes, Kelly, Edwards & Bryant, 410 So.2d 66 (Ala.Civ.App.1982).
“Stated differently, ‘[A]n account stated is an account balanced and rendered, with an assent to the balance, express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance. (Citations omitted.)’ Sinclair Refining Co. v. Robertson, 247 Ala. 260, 23 So.2d 872 (1945).”
Mobile Rug & Shade Company v. Daniel, 424 So.2d 1332 (Ala.Civ.App.1983).
“An account is rendered when it is ' presented to the debtor. An account which has been rendered but which is not objected to by the debtor within a reasonable time after its rendition becomes an account stated, for the debtor’s failure to object is regarded as an admission by him of the correctness of the account. Home Federal Savings & Loan Association v. Williams, 276 Ala. 37, 158 So.2d 678 (1963).”
Owings v. Gullett, 437 So.2d 1050 (Ala.Civ.App.1983).
In the case at bar, the facts are in dispute as to whether Wyatt initially acquiesced or objected to the bill and whether his ultimate objection came within a reasonable time. This case was tried before the court sitting without jury.
Where evidence is heard ore tenus, or partly so, the trial court’s judgment will not be disturbed unless it is contrary to the great weight of the evidence or is plainly and palpably wrong. Nero v. Moore-Handley, Inc., 370 So.2d 1043 (Ala.Civ.App.1979). We have searched the record and do not find the trial court’s judgment contrary to the great weight of the evidence, nor do we find it plainly or palpably wrong.
For the reasons above stated, we affirm the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.