This case involves an action to collect on an account stated.
The defendant appeals from a judgment entered against him for $453.00, plus interest, on an account stated between him and the plaintiff, Crawford-Sturgen Insurance Company.
The defendant had homeowners and automobile insurance with the plaintiff. The type account that the defendant had is called an "agency-billed account." In that type account the insurance agency pays the premium due from the insured to the insurance company, and then sends the insured a statement for the amount due to the agency for reimbursement. The arrangement is a courtesy service provided to customers.
The defendant and plaintiff had operated under this type arrangement without problem since September 1982. However, when the plaintiff sent the defendant a statement for his third semi-annual premium, the defendant did not remit the amount due, and did not reply to repeated attempts by the plaintiff to contact him or collect the bill, so the plaintiff filed suit in May 1984 for the $630.36 premium due on an account stated. The trial court awarded the plaintiff a judgment for the amount of the earned premium before cancellation, or $453.00.
An account stated is an agreement between parties who have had previous monetary transactions. Walker v. Trotter Brothers,192 Ala. 19, 68 So. 345 (1915). An account stated is not founded on the original liability between parties, but rather on the defendant's admission (which can be express or implied) that a definite sum is due. Martin v. Stoltenborg, 273 Ala. 456, 142 So.2d 257 (1962). When an account is rendered and is not objected to within a reasonable time, the failure to object becomes an admission that the account is correct, and it becomes an account stated. Home Federal Savings LoanAssociation v. Williams, 276 Ala. 37, 156 So.2d 678 (1963). It is as if a promissory note had been given for the balance due.Ingalls v. Ingalls Iron Works Co., 258 F.2d 750 (5th Cir. 1958).
Once the plaintiff has shown the above, he has proved his prima facie case of an account stated. Barber v. Martin,240 Ala. 656, 200 So. 787 (1941). The burden then shifts to the defendant to assert any legal defense available to him. Barber,supra. Here the trial court, sitting ore tenus, found that the plaintiff had proved an account stated between him and the defendant and that the defendant had *Page 177 
offered no satisfactory defense. Findings by the trial court, sitting without a jury and hearing evidence ore tenus are presumed correct unless demonstrated to be plainly and palpably wrong or manifestly unjust. Hines v. Heisler, 439 So.2d 4 (Ala. 1983). With this standard of review in mind, we answer the nine contentions of error that the defendant has raised on appeal.
First, the amount in controversy for the purposes of determining whether a case can be brought in circuit court is determined by the amount asked for in the complaint. C. Gamble D. Corley, Alabama Law of Damages, § 1-3 (1981). Therefore, since the plaintiff asked for $630.36 in his complaint, the case was properly before the circuit court. § 12-11-30 (1) (1975).
Second, we need not determine whether the trial court erred in granting a default judgment against the defendant, as the trial court granted the defendant's request to set the default judgment aside. Where the relief sought has already been granted, the issue is moot and will not be reviewed. J.C.Jacobs Banking Co. v. Campbell, 406 So.2d 834 (Ala. 1981).
Third, the trial court sitting ore tenus did not err by asking material questions of the defendant "without objection or exception thereto having been made or taken on the defendant's behalf." Lovejoy v. Franklin, 426 So.2d 841
(Ala.Civ.App. 1983).
Fourth, there is no evidence that the trial judge cut the defendant off at the end of the case, nor did the defendant object. A party who fails to object to a matter at trial may not raise that matter for the first time on appeal. Hinds v.Hinds, 415 So.2d 1122 (Ala.Civ.App. 1982).
Fifth, an issue with regard to a trial judge's qualification (or disqualification) cannot be raised on appeal if it has not been raised at the trial level. Wambles v. Coppage,333 So.2d 829 (Ala.Civ.App. 1976).
Sixth, once an account stated was formed between the plaintiff and defendant, and the plaintiff successfully proved that at trial, the introduction or proof of a contract was unnecessary. Martin v. Stoltenborg, supra.
Seventh, there is no evidence that "agency billing," which is merely a courtesy billing service for a customer who alreadyowes the premium to his insurance company violates state or federal credit laws.
Eighth, the production of the original written contract is not necessary in an action on an account stated, as an account stated is not founded on the original liability. Martin v.Stoltenborg, supra.
Ninth, and finally, the defendant contends that the plaintiff failed to prove his prima facie case. We hold that he did and affirm the decision of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.