BRADLEY, Judge.
The appeal is from a jury verdict and judgment in favor of plaintiff, Michael S. Evers, for $645.
Michael S. Evers, an attorney, sued Lo-rell Cherry to recover the balance of $645 owed for defending Mr. Cherry in a DUI prosecution. The jury found for Mr. Ev-ers, and Mr. Cherry appeals. No motion for new trial was filed in this case.
The theory of the case, as recognized by both parties, is an account stated and quantum meruit. The jury returned a general verdict for the plaintiff. Therefore, a finding by this court that the evidence supports the verdict on the account stated theory will obviate the necessity to consider whether the quantum meruit theory of the case has been proved. See, Village Toyota Co. v. Stewart, 433 So.2d 1150 (Ala.1983). Moreover, in the absence of a motion for a new trial, the jury’s verdict must be upheld if there is a scintilla of evidence in support of the plaintiffs position. Woods v. Westbrook, 356 So.2d 153 (Ala.1978). We will now examine the evidence to determine whether the verdict can be sustained on the theory of account stated.
The record reveals that Mr. Cherry originally employed Mr. Evers to represent him in the Municipal Court of Kinsey, Alabama on a charge of DUI. The fee for this representation was $750. This fee was paid.
Mr. Cherry was convicted and appealed the decision to the Circuit Court of Houston County, Alabama. There is evidence in the record from which the jury could have concluded that Mr. Cherry agreed to pay Mr. Evers $800 to represent him in the circuit court on the appealed DUI charge.
Mr. Cherry was convicted in the circuit court on the DUI charge. He paid Mr. Evers $300, and the receipt he received shows a balance due of $500.
Subsequently, Mr. Cherry was represented by Mr. Evers at a probation hearing resulting from the DUI conviction and also Mr. Evers did some additional investigative work for Mr. Cherry, arising out of the DUI arrest. The amount of these services which was deemed owed, i.e. $645, was set out in a statement sent to Mr. Cherry on at least two occasions. Mr. Cherry testified that he did not receive one of them and ignored the other one.
“An account is rendered when it is presented to the debtor. An account which has been rendered but which is not objected to by the debtor within a reasonable time after its rendition becomes an account stated, for the debtor’s failure to object is regarded as an admission by him of the correctness of the account. Home Federal Savings & Loan Association v. Williams, 276 Ala. 37, 158 So.2d 678 (1963).”
Owings v. Gullett, 437 So.2d 1050 (Ala.Civ.App.1983).
There is clearly a scintilla of evidence that Mr. Cherry did not object to or dispute the amount of the bill sent to him by Mr. Evers prior to trial. In view of this state of the evidence, the jury did not err in rendering a verdict for Mr. Evers in the amount of $645.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.