HOUSTON, Justice
(concurring in part and dissenting in part):
I would grant the writ.
I agree with the Court of Civil Appeals in everything except its interpretation of Derico v. Duncan, 410 So.2d 27 (Ala.1982), and its application to the facts of this case.
I agree with Judge Holmes’s dissent for the following reason.
In Derico, there was a debt owed to Duncan of $6,381 on a contract to repair Ms. Derico’s home. In addition, Duncan paid an existing debt of $7,619 owed on the home by Ms. Derico. Duncan combined these principal obligations and financed the total amount of $14,000. This Court held that the $14,000 contract was made in violation of the requirements of the Mini-Code and was null, void, and unenforceable as a matter of public policy. This Court further held that “that portion of Plaintiffs indebtedness represented by the loan (as distinguished from the debt on the contract to repair) is void, including both the principal and the interest.” (Emphasis added.) In other words, that portion of the indebtedness represented by the loan (i.e., $7,619 plus interest) as opposed to that represented by the contract to repair (i.e., $6,381) was null, void, and unenforceable. The contract to repair survived.
In this case, Alabama Farm Bureau Mutual Casualty Insurance Company paid its insured under an insurance contract the amount of the collision damage caused by negligence of Tommie L. Edwards. Farm Bureau was obligated to do this under the terms of its contract with its insured, and Farm Bureau was subrogated to the rights its insured had against Edwards. Edwards admitted that he owed the indebtedness paid by Farm Bureau to repair its insured’s automobile, prior to signing the note which was evidence of this indebtedness. The trial court found in favor of Farm Bureau and entered a judgment in the amount of $2,449.52, which was consistent with finding for Farm Bureau on its count seeking recovery under the theory of an account stated. See Martin v. Stoltenborg, 273 Ala. 456, 459, 142 So.2d 257 (1962).
This case is not distinguishable from Derico.
For the foregoing reason I would hold that Farm Bureau is entitled to recover $2,449.52 on an account stated. ■
I would affirm the judgment of the Court of Civil Appeals in part, reverse in part, and remand to the Court of Civil Appeals for further proceedings consistent with this opinion.
TORBERT, C.J., and STEAGALL, JJ., concur.