ALMON, Justice.
Olen Plymel, d/b/a Tri-State Financial Service, appeals from a judgment entered in favor of B.W. Projects, Inc., after a trial without a jury. Plymel brought an action against B.W. Projects, alleging that B.W. Projects owed him $32,474.19 on an open account or on an account stated. The issue is whether B.W. Projects effectively asserted a defense of fraud or lack of consideration.
Plymel contracted with Charles Bowman, d/b/a Bowman Lumber Company, to purchase from Bowman certain accounts, evidenced by invoices. 'Plymel bought seven accounts from Bowman that were evidenced by invoices dated January 12, 1991, January 16, 1991, January 17, 1991, January 26, 1991, January 30,1991, February 4,1991, and February 6,1991; he bought each account shortly after the date shown on the invoice evidencing the account. The invoices all showed that Bowman had shipped lumber to B.W. Projects, that B.W. Projects owed various sums of money, totalling approximately $32,474.19, for the lumber, and that B.W. Projects was to make payment to Tri-State Financial Service. At trial, Plymel, Burdette Wood (president of B.W. Projects), and Charles Bowman testified. Wood testified that although he had received the invoices, he had never received the lumber represented by the invoices. This testimony was received into court without objection. Wood also testified that after he received the invoices, he telephoned Charles Bowman and told him to stop sending such invoices. Wood said that he told Bowman that he was going to “get us ... in trouble.”
The court questioned Wood concerning this telephone call to Bowman. Wood stated that he “didn’t want to cause any trouble between [Bowman and Plymel] because [he] didn’t know what they were doing on some other things.”
Charles Bowman refused to testify concerning the transactions between himself and Plymel, invoking the Fifth Amendment.
Plymel testified that he discovered, after he had bought the seven accounts in dispute, that Bowman had sold him fictitious invoices evidencing nonexistent sales to other companies. A few weeks after this discovery, Ply-mel telephoned Wood to ask him when he intended to pay the seven invoices. When Plymel was speaking with Wood, Plymel told him “it sounded like fraud” to him. Wood, at that time, according to Plymel, stated, “Mr. Plymel, every invoice I’ve got I received the lumber on it.” Plymel telephoned Wood a few more times, and each time Wood informed Plymel that he did not have the funds to pay for the invoices. Plymel testified that he did not discover until a few weeks before trial that B.W. Projects was going to claim it had never received the lumber. Wood also testified that he did not tell Plymel that he had not received any products from Bowman, until after Plymel had filed this action against him.
According to the evidence, another man involved in these factoring transactions, Mr. Railey, called Plymel the day after his first telephone conversation with Wood. Railey assured Plymel that any invoices Plymel had obtained from Bowman evidencing accounts that Railey owed were good, i.e., that the merchandise had been delivered on those accounts.
After both sides had rested, the judge stated that Plymel had failed to prove a prima facie case of open account or account stated.
Plymel argues that, because B.W. Projects did not state in its answer the affirmative defenses of fraud and lack of consideration, those defenses were waived and could not be raised at trial. He cites Rule 8(c), Ala.R.Civ.P., for this argument. Rule 8(c) requires that affirmative defenses “shall” be raised in responsive pleadings. The answer filed by B.W. Projects, which was never amended, reads as follows:
“FIRST DEFENSE
“The Complaint fails to state a claim against it upon which relief can be granted.
“SECOND DEFENSE
“It denies each and every material allegation, statement and averment therein *455 contained and demands strict proof thereof.
“THIRD DEFENSE
“It says that it is not guilty of the matters and things therein alleged.
“FOURTH DEFENSE
“It pleads the general issue.”
B.W. Projects did not plead an affirmative defense of lack of consideration. However, it did raise the issue at trial, when Wood testified, without objection, that B.W. Projects had never received the lumber evidenced by the invoices. Rule 15(b) Ala.R.Civ.P., provides:
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues."
(Emphasis added.) The question is whether the parties expressly or impliedly consented to try the issue of whether B.W. Projects had received consideration in regard to the accounts, specifically, the lumber represented by the invoices. “[A] determination ‘as to whether [an] issue has been tried by express or implied consent under Rule 15(b) is a matter for the trial court’s sound discretion, which will not be altered on appeal absent an abuse [of that discretion].’ ” International Rehabilitation Associates, Inc. v. Adams, 613 So.2d 1207, 1214 (Ala.1993). In this case, the judge apparently concluded that the parties had impliedly consented to try the issue of whether B.W. Projects had received consideration, because he ruled that Plymel could not prevail under an open account or account stated theory.
“[I]mplied consent of the parties can be [found] from an opposing party’s failure to object to introduction of evidence raising the disputed issue initially.” International Rehabilitation Associates, 613 So.2d at 1213. Plymel failed to object during trial to the introduction of evidence and testimony concerning the defense offered by B.W. Projects. Plymel did raise the issue in a post-trial brief; however, in Bischoff v. Thomasson, 400 So.2d 359 (Ala.1981), this Court noted that even though a party raised in his trial brief the issue of whether an affirmative defense had been waived by the failure to plead it in accordance with Rule 8(c), the evidence related to the affirmative defense was admitted without objection at trial, and thus, this Court held, it was properly considered by the trial court. Thus, in the present case, we conclude that Plymel impliedly consented to try the issue by his failure to object to Wood’s testimony concerning the issue.
Plymel also argues that, although the circuit court held that he had not proved a prima facie case of open account or account stated, he did make a prima facie showing of an account stated. Plymel argues that the account between him and B.W. Projects, evidenced by the seven invoices, became an “account stated” because Wood did not object within a reasonable time. Plymel asserts that Wood did not deny receiving the invoices or tell Plymel that B.W. Projects did not owe the amounts shown on the invoices, and Plymel argues, therefore, that Wood’s failure to object should be regarded as an admission that the account was correct.
Plymel quotes Gilbert v. Armstrong Oil Co., 561 So.2d 1078, 1080 (Ala.1990), in support of this contention:
“An account stated is an agreement between parties who have had previous monetary transactions that the statement of account and the balance struck are correct and a promise, express or implied, that the debtor will pay that amount. [Citations omitted.] When an account is rendered or presented to the debtor and the debtor does not object to it within a reasonable time, the failure to object is regarded as an admission that the account is correct, and it becomes an account stated. Once the plaintiff proves a prima facie case in an action on an account stated, the burden shifts to the defendant to assert any legal defense available.”
*456 Wood, in this case, may have failed to object within a reasonable time, because he did not tell Plymel, until almost two years had passed, that B.W. Projects never received the merchandise. Under Gilbert, Ply-mel may have proved his prima facie case of account stated. However, B.W. Projects was still free to assert a legal defense, and this it did by Wood’s testimony that B.W. Projects never received the lumber that the invoices indicated had been delivered. In Martin v. Stoltenborg, 273 Ala. 456, 458, 142 So.2d 257, 259 (1962), this Court held that “In an action upon an account stated, to authorize recovery there must be shown a consideration to support the promise relied on, and if there is shown no consideration for the alleged promise, the plaintiff is not entitled to recover.” Because Wood stated, without objection, and without dispute, that B.W. Projects never received the lumber referred to in the invoices, the court could find that B.W. Projects did not owe to Plymel the amount shown on the invoices. The trial judge therefore could correctly hold that Plymel could not recover under a theory of open account or account stated.
The judgment for B.W. Projects is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, KENNEDY and COOK, JJ., concur.